ORIGINAL

FILED
MAR 1 3 2007
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| PAUL E. DOLAN<br>PO. Box 6<br>Machias, ME 04654<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES<br><br>Defendant, | Civil Action<br><br>No. 07-166 C |

COMPLAINT

This is a claim to set aside the agency decisions by the Army Board for Correction of Military Records (BCMR) of March 3, 2004 (docket no. AR2003-08496), and on reconsideration 1 March 2006, that denied plaintiff-Dolan's request to void his March 14, 2001, involuntary discharge from active duty under Honorable Conditions (General) to attain 20-years towards retirement and award with back pay. and award back pay

JURISDICTION

Jurisdiction is conferred under 28 U.S.C. § 1491(a). Money is mandated under the Military Pay Act, 37 U.S.C. § 204(a).

PARTIES

Plaintiff, Paul Dolan, is a former officer in the United States Army's Active Guard and Reserve program (AGR), at rank of Major.

Defendant, the United States.

FACTS

1. Dolan enlisted in the Army in 1975, serving until commisisoned a second lieutenent in May 1981. In 1988 he entered the AGR program.

2. In August 1998, he was ordered to report to a new assignment with the 9th Regional Support Command Sin in Honolulu, Hawaii. Major Dolan requested 30 days leave, which is normally granted as a privilege accompanying a permanent change of duty station (PCS). He was informed the leave was granted. He then departed to care for his terminally ill father.

3. Unknown to Major Dolan, his leave request for 30 days was later "whited out" by the unit clerk to show he had only requested 5 days. A dispute arose whether Dolan was notified that his leave was cut short and to report early to his new duty at the 9th RSC.

3. On March 17, 1999, Major Dolan received non-judicial punishment under Article 15, 10 U.S.C. ¶ 815, for absence without leave and disobeying an order to report to the 9th RSC. These offenses arose from the dispute over his 30-day PCS leave request. After pleading not guilty, the commander determined he committed the offenses. He was issued a Letter of Reprimand, and pay forfeitures for two months. However, the pay forfeitures were suspended for six months. Dolan's appeal was denied.

4. In September 1999, Major Dolan's commanding general initiated elimination proceedings before a Board of Inquiry (BOI). The action was based upon the Article 15 punishment and a third alleged offense. The commander recommended a General Discharge.

5. The BOI was delayed pending Major Dolan's multiple medical treatments: (1) surgery to repair a labral tear in his left shoulder, (2) treatment for bilateral patellofemoral compression syndrome (stress injury to both knees making walking difficult), (3) acromio-

clavicular arthritis causing mild pain in right shoulder. Established military practice shows that the first 2 conditions render a member "unfit" for military service.[1]

6. The BOI in August 2000 concluded that Major Dolan had committed the Article 15 offenses, although finding him not guilty of the third BOI-alleged offense. The prosecutor-recorder also had presented several adverse "referred Officer Evaluation Reports" filed by the command shortly before the BOI. These OERs were improperly relied upon by the BOI as official duty reports because they were never referred to Major Dolan for his comment and rebuttal. The BOI recommended a General Discharge.

7. Major Dolan's defense counsel submitted a request for the Army to retain Dolan until reaching 20 years to retire. The counsel alleged Major Dolan had over 17 years of active duty. Regulation permits an officer at any time prior to final elimination action to request retirement in lieu of elimination. If approved, a post-retirement board decides whether to reduce the retired grade based upon the BOI-approved findings of misconduct.

8. In February 2001, the BOI recommendation was approved by the Acting Secretary of the Army, with a scheduled release date of 14 March 2001. There was no mention in the approval of the request for retirement in lieu of elimination. Moreover, Major Dolan's actual active duty time was close to 19 years. Finally, there was no mention of the availability of the Army's early retirement program extended to officers with between 15-19 years active duty. This was under the FY 1993 congressional "Temporary Early Retirement Authority" (TERA) expiring September 30, 2001.

---

[1] Soon after Dolan's 2001 discharge, the Veterans Adminstation awarded him 80% disability rating for these injuries.

9. In March 2001, the Chief of Patient Administration, Tripler Army Medical Center, Hawaii (Lieutenant Colonel Michael Montgomery), submitted a reqeusted to extend Major Dolan's 14 March 2001 discharge date due to ongoing disability processing. This extension was mandatory because Major Dolan was not under investigation for court-martial offenses, but referred only for elimination action:

> The officer will be processed. . .through the [disability] system * * * with disability evaluation results. . . forwarded to the Secretary of the Army <u>for determination of appropriate disposition</u>.

AR 600-8-24 (1995) ¶ 1-23 [emphasis added], <u>see</u> ¶ 4-3d (if medical condition develops after recommendation for elimination, the officer's commander will notfy the commander of Army Personnel Command); AR 635-40 ¶ 4-4 (officers processed for elimination under Other Than Honorable Conditions are ineligible for disability processing, thus permitting processing for General or Honorable Discharges).

10. The medical treatment extension was never forwarded for final action. The only other record is a superior official recommending denial. That official mistakenly equated Major Dolan's situation to an officer then under investigation for court-martial offenses, instead of misconduct referred for alternative administrative elimination.

11. Without Secretarial "determination of appropriate disposition" on the pending disability proceeding, the prior discharge orders effective 14 March 2001 were void as a matter of law. Major Dolan's was never legally separated from active duty.

12. The Army BCMR denied Mr. Dolan's request to set aside his discharge, to reinstate him, and award retirement.

13. Plaintiff Dolan now seeks judicial review of the Army decision to involuntarily separate him from active duty.

CAUSE OF ACTION

The decision of the Army to involuntarily release plaintiff from active duty was arbitrary and capricious, an abuse of discretion, and contrary to law and Army regulation.

PRAYER FOR RELIEF

That this Honorable Court declare the that decision of the Army to involuntarily separate plaintiff from active duty was arbitrary and capricious, an abuse of discretion, and contrary to law and Army regulation.

That Defendant be ordered to set aside plaintiff's involuntary separation from active duty, and retroactively restore him to active duty in the United States Army with back pay and allowances until qualifying for retirement, and award back retired pay.

That Defendant be ordered to expunge from plaintiff's official military personnel files all adverse documents relating to the involuntary separation and related documents thereto.

Any and all additional relief as deemed appropriate by this Honorable Court, including attorney fees.

12 MARCH 2007

Respectfully submitted,

John A. Wickham, Esq.
32975 Saint Moritz Drive
Evergreen CO 80439-6720
(303) 670-3825
Admitted to Court of Federal Claims