IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PAUL E. DOLAN,<br><br>Plaintiff<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 07-166C<br>(Judge Christine O.C. Miller) |

**DEFENDANT'S PARTIAL MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO STAY PROCEEDINGS**

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), lack of jurisdiction over the subject matter, and Rule 12(b)(6), failure to state a claim upon which relief can be granted, defendant respectfully moves this Court grant its partial motion to dismiss, or, in the alternative, to stay proceedings to allow for the resubmission of plaintiff's claims to the Army Board for the Correction of Medical Records ("ABCMR"). In support of this motion, defendant relies upon the following memorandum of facts and law, which accompanies this motion, the attached exhibits, and the complaint.

**STATEMENT OF THE ISSUES**

1. Whether Mr. Dolan's claims regarding his separation from the Army Reserve Active Guard and Reserve (AGR) program should be dismissed for lack of subject matter jurisdiction because plaintiff's request to be reinstated is a nonjusticiable military personnel decision.

2. Whether Mr. Dolan's claims regarding his separation from the United States Army's AGR program should be dismissed for failure to state a claim upon which relief can be granted because this Court does not have the authority to grant the relief requested.

## STATEMENT OF THE CASE

Plaintiff, Mr. Paul Dolan, is challenging the Army Board for Correction of Military Records' ("ABCMR")[1] denial of his application "to void his March 14, 2001, involuntary discharge from active duty under Honorable Conditions (General) to attain 20-years towards retirement and award with back pay." Amended Complaint, at 1.[2] Plaintiff also claims that he "seeks judicial review of the Army decision to involuntarily separate him from active duty," claiming "[t]he decision of the Army to involuntarily release [him] from active duty was arbitrary and capricious, an abuse of discretion, and contrary to law and Army Regulation." Id. at 8. It is unclear from plaintiff's Amended Complaint whether he is challenging the underlying discharge, the ABCMR decision regarding his request to be reinstated on active duty, or both. The opening paragraph of the Amended Complaint indicates this is a claim to set aside the ABCMR decision. Id. at 1. However, the "Cause of Action" and "Prayer for Relief" indicate the challenge is to the underlying discharge itself. Id. at 8. Given these apparently conflicting statements, the United States will address each as a separate claim.

Plaintiff requests this Court to declare the Army's decision to involuntarily separate him from active duty was arbitrary and capricious, an abuse of discretion, and contrary to law and Army Regulation. Id. Plaintiff further requests this Court to order the Army to set aside plaintiff's involuntary separation from active duty, to retroactively restore him to active duty with back pay and allowances until he qualifies for 20-year retirement, and that he be awarded

[1] The ABCMR is composed of civilians appointed by the Secretary of the Army and has statutory authority to "correct any [Army] record" in order to "correct an error or remove an injustice." 10 U.S.C. § 1552(a)(1) (2005).

[2] Plaintiff's Amended Complaint is hereinafter referred to as "Amend. Compl., at -".

back retired pay. Id. Finally, plaintiff seeks an order expunging all adverse documents related to his involuntary separation from his military records. Id.

Mr. Dolan avers that the Court has jurisdiction under 28 U.S.C. § 1491(a), with the Military Pay Act, 37 U.S.C. § 204(a), mandating money. Id. at 1.

## STATEMENT OF FACTS

Plaintiff was serving in the United States Army Reserve AGR program[3] as a commissioned officer in the rank of Major. Amend. Compl., at 1. As an officer in the AGR program, Mr. Dolan was a reservist who served on active duty. See generally Houseman v. Baratz, 916 F. Supp. 23, 25 (D.D.C. 1996) (describing the AGR program). Indeed, "[t]he purpose of the AGR program is to provide highly qualified officer and enlisted personnel to support the Army National Guard and Army Reserves." Id. In August 1998, Mr. Dolan was transferred to the 9th Regional Support Command in Honolulu, Hawaii. Amend. Compl., at 2. Mr. Dolan received non-judicial punishment for disobeying a superior commissioned officer and for being absent without leave, from Major General Hill, the General Court-Martial Convening Authority with jurisdiction over Mr. Dolan. Id. at 3.

On September 22, 1999, Major General Hill initiated proceedings to determine whether Mr. Dolan should be involuntarily separated from the Army. Id. at 4. A Board of Inquiry concluded that Mr. Dolan had committed misconduct by being absent without leave and by disobeying a superior commissioned officer. Id. at 5. The Board of Inquiry further

[3] Congress has authorized the assignment of some reserve component Soldiers to full-time active service. 10 U.S.C. §§ 672, 12301(d), 12310. The reserve components consist of the United States Army Reserve ("USAR") and the Army National Guard of the United States ("ARNGUS"), among others. 10 U.S.C. § 10101.

recommended that he be discharged with a characterization of service of General Under Honorable Conditions. Id. On January 18, 2001, a Board of Review affirmed the Board of Inquiry findings, and also recommended Mr. Dolan be discharged with a characterization of service of General Under Honorable Conditions. Id. at 6. The Acting Secretary of the Army approved the recommendations in February 2001 and directed that Mr. Dolan be discharged with a characterization of service of General Under Honorable Conditions. Id. Discharge orders were prepared in accordance with the Acting Secretary of the Army's direction, which provided that Mr. Dolan would be discharged on March 14, 2001. Id.

On March 8, 2001, after the Acting Secretary of the Army had directed Mr. Dolan's discharge, but before the actual discharge date, a Medical Evaluation Board ("MEB")[4] was convened. Id. Shortly before the effective date of Mr. Dolan's ordered discharge, an Army medical officer submitted a request to extend Mr. Dolan's discharge date so that he could be processed through the Army's disability system. Id. at 7. The request was not approved by March 14, 2001, and Mr. Dolan was discharged. Mr. Dolan requested the ABCMR to set aside his discharge and reinstate him on active duty, and award him retirement, claiming the discharge was not effective without "Secretarial 'determination of appropriate disposition' on the pending disability proceeding." Id. at 8. This request was denied by the ABCMR.

**OVERVIEW OF THE ARMY PHYSICAL DISABILITY EVALUATION SYSTEM**

The Army Physical Disability Evaluation System ("APDES") is established by Title 10, United States Code, Chapter 61; DoD Directive 1332.18; and is implemented by Army Reg. 635-

[4] The MEB documents the medical status and duty limitations of Soldiers referred into the Army's Physical Disability Evaluation System.

40,[5] relevant excerpts of which are attached to this motion as Exhibit A. The APDES sets forth policies, responsibilities and the procedures that apply in determining whether a soldier is unfit to reasonably perform the duties of his or her office, grade, rank or rating because of physical disability. Army Reg. 635-40, ¶ 1-1.

Typically, when a soldier is believed to be unable to perform duty because of a physical disability, he or she will be referred to an Army Medical Treatment Facility ("MTF") for evaluation. Army Reg. 635-40, ¶ 4-8. Upon referral, the MTF commander will conduct an examination of the soldier. Id. ¶ 4-9. If it appears that the soldier is not medically qualified to perform duty, the MTF commander will refer the Soldier to an MEB. Id.

An MEB is convened to document a soldier's medical status and duty limitations insofar as duty is affected by the soldier's status. Id. ¶ 4-10. The MEB will render a decision regarding whether the soldier is medically qualified for retention based on the criteria set forth in Army Reg. 40-501, Chapter 3. Id. The MEB will prepare a Narrative Summary describing the soldier's medical condition and its affect on his or her ability to perform military duties. Id. ¶ 4-11. The results of the MEB are provided to the soldier for his or her concurrence. Id. ¶ 4-12. If the soldier does not concur with the findings of the MEB, the Soldier is permitted to appeal that determination. Id. If the MEB determines that a Soldier does not meet retention standards, the MEB will recommend referral of the Soldier to a Physical Evaluation Board ("PEB"). Id. ¶ 4-13.

A PEB, which consists of at least three members, is responsible for evaluating cases of

---

[5] Army Reg. 635-40 applies to the Active Army, the Army National Guard, and the U.S. Army Reserve.

physical disability. Id. at ¶ ¶ 4-17(a), (b). PEBs are fact-finding boards responsible for: (1) investigating the nature, cause, degree of severity and probable permanency of the disability of soldiers whose cases are referred to the PEB; (2) evaluating the physical condition of the soldier against the physical requirements of the Soldier's duty; (3) providing a full and fair hearing; and (4) making findings and recommendations to establish the eligibility of a soldier to be separated or retired due to physical disability. Id. ¶ 4-17(a)(1)-(4). The PEB makes findings and recommendations and determines, among other things: whether the Soldier is physically fit to perform duty; whether the disability is of a permanent nature, and whether the disability meets the criteria established by law for compensation. Id. ¶ 4-19(a)-(g).

Each case is first considered by an informal PEB. Id. ¶ 4-20. The soldier may concur with the findings of the informal PEB, at which point the Secretary of the Army will approve the findings of the board and it will be forwarded for final disposition. Id. ¶ 4-20(e). If the soldier does not concur with the findings of the informal PEB, he or she may elect to submit a rebuttal. Id. If found unfit by the informal PEB, the soldier may demand a formal hearing by the PEB. Id., DoD Instruction 1332.38.

A formal hearing of the PEB is normally conducted before a board composed of the same members who considered the case informally. Id. ¶ 4-21(b). The purpose of the formal hearing is to afford the soldier the opportunity to present views, testimony and new evidence. Id. The soldier is entitled to representation by counsel at the formal hearing, and may appear in person, testify, present evidence and witness testimony, cross-examine witnesses, and submit oral and written argument. Id. at ¶ 4-21. At the conclusion of its analysis, the PEB will issue its findings and recommendations along with a statement of the reasons for finding a soldier is fit or unfit,

and if unfit, the basis for the rating on a Department of the Army ("DA") form 199. Id. ¶¶ 4-19, 4-21.

If a soldier does not concur with a formal PEB's findings, and submits a statement of rebuttal, the case will be reviewed by the United States Army Physical Disability Agency ("USAPDA"). Id. ¶ 4-22. The USAPDA may take the following actions with regard to the PEB proceedings: (1) concur with the findings and recommendations of the PEB, (2) return the case to the PEB for reconsideration, (3) issue revised findings, or (4) refer the case to the Army Physical Disability Appeal Board ("APDAB"). Id. ¶ 4-22(c)(1)-(4).

If the case is referred to the APDAB, the board will review the case and take one of the following actions: (1) concur with the decision of the USAPDA, (2) concur with the recommendations of the PEB, (3) adopt the recommendations of the minority member of the PEB if the decision was not unanimous, (4) concur with the requests contained in the rebuttal of the Soldier, or (5) specify new findings and recommendations. Id. ¶ 4-25(b)(1)-(5).

If an individual is qualified for disability retirement under 10 U.S.C. § 1201 but for the fact that his or her disability is not stable, he or she may be placed on the Temporary Disability Retirement List ("TDRL"). Id. ¶ 7-2. While on the TDRL, a Soldier will undergo periodic medical examinations, at least once every eighteen months to, determine whether a change has occurred in the disability. Id. ¶ 7-4. No changes will be made in the disability percentage rating while the Soldier is retained on the TDRL, even if the disability becomes materially better or worse. Id. ¶ 7-20(b). A Soldier is to be removed from the TDRL upon the fifth anniversary of the date the Soldier was placed on the TDRL, or sooner on the approved recommendation of a PEB. Id. ¶ 7-11. Upon removal from the TDRL, a Soldier will be returned to duty, permanently

retired with disability retirement pay, or separated with severance pay. Id. ¶ 7-11.

Soldiers with less than twenty years of active federal service and who have an impairment which is rated at less than 30 percent disabling are separated with severance pay rather than disability retirement pay. 10 U.S.C. § 1203; Army Reg. 635-40. Although Army ratings are permanent upon disposition, the Veterans Administration ("VA") may award compensation for any service-connected impairment, and those ratings may fluctuate with time depending on the progress of the condition. 38 U.S.C. §§ 31, 331.

## SUMMARY OF THE ARGUMENT

The complaint should be dismissed for lack of subject matter jurisdiction because this Court lacks jurisdiction to reinstate Mr. Dolan, because the decision to separate him from active duty constitutes a nonjusticiable military personnel decision. Further, plaintiff's complaint should be dismissed because he fails to state a claim upon which relief can be granted, because the Army Regulation relied upon by Mr. Dolan in his Amended Complaint does not provide for the relief he is seeking. Finally, if this Court were to determine Mr. Dolan does have a valid claim, then the Government requests this Court to stay these proceedings so that this matter may be voluntarily remanded to the ABCMR.

## ARGUMENT

### I. The Court Does Not Have Subject Matter Jurisdiction Over Mr. Dolan's Claims for Reinstatement

#### A. Standard Of Review

In deciding a RCFC 12(b)(1) motion, "determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States,

124 F.3d 1462, 1465 (Fed. Cir. 1997) (citations omitted). Where this Court's subject matter jurisdiction is placed in issue, the non-moving party bears the burden of establishing jurisdiction. J&E Salvage Co. v. United States, 37 Fed. Cl. 256, 260 (1997), aff'd, 152 F.3d 945 (Fed. Cir. 1998) (table).

It is well settled that this Court is one of limited jurisdiction. Bath Iron Works Corp. v. United States, 27 Fed. Cl. 114, 122 (1992), aff'd, 20 F.3d 1567 (Fed. Cir. 1994). Its authority to grant relief against the United States is limited by the extent to which the United States has waived sovereign immunity. United States v. Testan, 424 U.S. 392, 399 (1976). "[T]he United States, as sovereign, 'is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit'." Id. at 399 (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)). "[I]n a Court of Claims context, that . . . waiver of the traditional sovereign immunity 'cannot be implied but must be unequivocally expressed'." Testan, 424 U.S. at 399 (quoting United States v. King, 395 U.S. 1, 4 (1969)).

B. This Court Does Not Have Jurisdiction To Reinstate Mr. Dolan

Mr. Dolan requests that the Court to order the United States to set aside his involuntary separation from active duty, and retroactively restore him to active duty in the Army with back pay and retirement benefits. Amend. Compl., at 8. This Court, however, lacks the authority to "reinstate" plaintiff into the AGR. See Orloff v. Willoughby, 345 U.S. 83, 94 (1953) ("While the courts have found occasion to determine whether one has been lawfully inducted and is therefore within the jurisdiction of the Army and subject to its orders, we have found no case where this Court has assumed to revise duty orders as to one lawfully in the service."); Murphy

v. United States, 993 F.2d 871, 874 (Fed. Cir. 1993) ("The merits of the Air Force's decision to release [this officer] from active duty are beyond judicial reach . . . ."); Heisig v. United States, 719 F.2d 1153, 1156 (Fed. Cir. 1983) ("Responsibility for determining who is fit or unfit to serve in the armed services is not a judicial province . . . ."). Accordingly, this Court lacks jurisdiction to reinstate Mr. Dolan, and should dismiss his reinstatement claims from the complaint.

II. Plaintiff Fails To State A Claim Upon Which Relief Can Be Granted

A. Standard for a Rule 12(b)(6) Motion To Dismiss.

In considering an RCFC 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, "the allegations of the complaint should be considered favorably to the pleader," Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), and the Court must presume that all factual allegations in the complaint are true, Miree v. DeKalb County, 433 U.S. 25, 27 n.2 (1977).

The Supreme Court has recently clarified the standard for deciding a motion to dismiss pursuant to FRCP 12(b)(6). Observing that "[i]n practice, a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory," the Court has determined that wholly conclusory statements of claims do not survive a motion to dismiss simply "whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." Bell Atlantic Corp. v. Twombly, -- U.S. --, 127 S. Ct. 1955, 1968-69 (2007) (citations and emphasis omitted). Rather, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. At 1969. In this context, a complaint will warrant dismissal where "it fail[s] in toto to render

plaintiffs' entitlement to relief plausible." Id. at 1973 n.14 (discussing Fed. R. Civ. Proc. 9). Failure to state a claim upon which relief can be granted warrants dismissal with prejudice. Reves v. United States, 49 Fed. Cl. 560, 570 (2001).

B. Mr. Dolan's Complaint Entitles Him, At Most, To Physical Disability Benefits, Not Reinstatement, Backpay, And Retirement

As Mr. Dolan acknowledges, see Amend. Compl., at 7, Army Regulation 600-8-24 governs the separation of Army officers.[6] Paragraph 1-23 of Army Regulation 600-8-24, which is attached hereto as Exhibit B, establishes procedures for referral for physical disability evaluation for an officer being processed for separation or that has been referred for elimination. This paragraph provides:

> 1–23. Referral for physical disability evaluation
> If a commissioned or warrant officer is being processed for [Return From Active Duty (REFRAD)], separation, or retirement or has been referred for elimination action, when it is determined that the officer has a medical impairment that does not meet medical retention standards, the officer will be processed as set forth in paragraphs *a* through *d* below.
> a. A commissioned or warrant officer under investigation for an offense chargeable under the Uniform Code of Military Justice (UCMJ) that could result in dismissal or punitive discharge may not be referred for or continue disability processing unless—
> (1) The investigation ends without charges.
> (2) The commander exercising proper court-martial jurisdiction dismisses the charges.
> (3) The commander exercising proper court-martial jurisdiction refers the charge for trial to a court-martial that cannot adjudge such a sentence.
> b. When a commissioned or warrant officer, as applicable, is being processed for one of the actions listed in (1) through (6) below, the officer will be processed in accordance with the provisions of this regulation and through the MEB/PEB system. If the result of the physical disability evaluation is a finding of physical fitness, the Army Physical Disability Agency will approve the findings for the

[6] Army Reg. 600-8-24 applies to all commissioned and warrant officers of the Active Army, the Army National Guard of the United States, and the U.S. Army Reserves when serving on active duty for a period of 30 or more consecutive days.

> Secretary of the Army and forward the proceedings to [Commander, U.S. Army Personnel Command], to be processed with the other action. If a physical disability evaluation results in a finding of physical unfitness, both actions will be forwarded by [Commanding General, U.S. Army Personnel Command] to the Secretary of the Army for determination of appropriate disposition.
> (1) Referral to the [Department of the Army Active Duty Board (DAADB)] except when the DAADB is convened as a result of an imposed reduction in force.
> ( 2 ) Involuntary REFRAD due to civil conviction or moral turpitude.
> (3) Involuntary REFRAD due to the revocation of voluntary indefinite (VI) status.
> (4) Resignation for the good of the service.
> (5) Referral for elimination under chapter 4.
> (6) Request for separation, resignation, or retirement in lieu of elimination.
> c. When an officer is processed for separation or retirement for reasons other than those indicated above, physical disability takes precedence if the officer is retained with his or her consent. The procedures in paragraph 1–22 will be followed.
> d. Officers previously determined physically unfit and continued on active duty under AR 635–40 must be referred for disability evaluations at final retirement or separation.

Army Reg. 600-8-24, ¶ 1-23.

Mr. Dolan claims that the Army violated its own regulations by separating him from the Army before his disability processing had been completed. Amend. Compl., at 7-8. Even assuming, arguendo, Mr. Dolan's allegations that his involuntary separation was not properly processed, a point that is not conceded by the United States, he would not be entitled to be restored to active duty with back pay and allowances until qualifying for 20-year retirement, and retirement pay, as he seeks. Id. at 8. At best, Mr. Dolan would be entitled to physical disability benefits. Under no circumstances would he have been entitled to remain on active duty until reaching retirement.

Mr. Dolan avers that once an MEB was initiated, his ordered discharge should have been delayed pending "Secretarial 'determination of appropriate disposition' on the pending disability proceeding." Amend. Compl., at 8. Adopting Mr. Dolan's interpretation of the facts and of the

regulation solely for purposes of this motion, the allegations in the complaint make clear that Mr. Dolan was being processed for separation or had been referred for elimination action, when it was determined he had a medical impairment that did not meet retention standards. Army. Reg. 600-8-24, ¶ 1-23. Assuming, arguendo, he was not under investigation, as alleged by Mr. Dolan, see Amend. Compl., at 3, he should have been processed in accordance with subparagraph (b) of paragraph 1-23. He was apparently being processed for elimination under chapter four of Army Regulation 600-8-24. See id. ¶ 1-23(b)(5). Accordingly, he should have been processed through the MEB/PEB process. Id. ¶ 1-23(b). If he had been found to be physically fit, the Army Physical Disability Agency would have approved the findings and forwarded them in order to proceed with the elimination. Id. However, if the physical disability evaluation had resulted in a finding of physical fitness, then the Secretary of the Army would have determined the appropriate disposition. Id. As the Acting Secretary of the Army had already determined that Mr. Dolan should be eliminated, only two possible outcomes remained: (1) the award of physical disability benefits, or (2) elimination. Paragraph 1-23 does not provide for a soldier to remain on active duty until retirement under the circumstances alleged by Mr. Dolan.

Because paragraph 1-23 of Army Regulation 600-8-24, which is relied on by Mr. Dolan in his Amended Complaint, does not provide for the relief that he has requested, Mr. Dolan has failed to state a claim upon which relief can be granted. Accordingly, the portion of his Amended Complaint affected by 600-8-24 should be dismissed under RCFC 12(b)(6).

## ALTERNATIVE MOTION TO STAY PROCEEDINGS

In his complaint, Mr. Dolan alleges that the ABCMR’s denial of his application to correct military records was arbitrary and capricious. Counsel for the Department of the Army has

contacted the ABCMR, and the board is willing to reconsider Mr. Dolan's application. Counsel for defendant has advised plaintiff's counsel of the defendant's intent to seek a stay of these proceedings in order to give the ABCMR an opportunity to reconsider Mr. Dolan's application, but plaintiff's counsel has indicated he opposes this motion. See Exhibit C. As such, defendant had no choice but to proceed with this partial motion to dismiss.

Nevertheless, if this Court were to determine that Mr. Dolan does have a valid claim, the United States respectfully requests, in the alternative, that the Court stay proceedings in this matter to allow for resubmission of Mr. Dolan's application to ABCMR. The ABCMR has the authority to change plaintiff's records in the interests of justice pursuant to 10 U.S.C. §1552. Additionally, the ABCMR has the authority and ability to grant relief involving the APDES.

The defendant anticipates that it will take approximately 120 days for reconsideration of this case by the ABCMR after the board receives Mr. Dolan's petition for reconsideration, which may include any and all materials he deems to be appropriate. Should this case be stayed, defendant proposes that within 30 days after final action by the ABCMR, the parties file with the Court a copy of the decision of the ABCMR, along with a motion setting forth their respective positions as to whether this case should be dismissed or placed upon the Court's active docket.

If a stay of proceedings in this case is granted, the Court shall retain jurisdiction over this matter during the stay, and may enter such further orders as it deems just and proper.

## CONCLUSION

For the foregoing reasons, defendant respectfully requests that the Court grant its motion to dismiss the complaint, or in the alternative, that the Court grant its motion to stay proceedings.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE M. DAVIDSON
Director

s/Bryant G. Snee
BRYANT G. SNEE
Deputy Director

s/A. Bondurant Eley
A. BONDURANT ELEY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 616-8254
Fax: (202) 514-8624

OF COUNSEL:

MAJOR JERRETT DUNLAP
United States Army Litigation
Division Military Personnel Branch
901 N. Stuart Street, Suite 400
Arlington, VA 22203-1837
Tele: (703) 696-1628
Fax: (703) 696-8126

June 13, 2007 Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of June, 2007, a copy of the foregoing "Defendant's Partial Motion to Dismiss, or in the Alternative, to Stay Proceedings" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ A. Bondurant Eley
A. BONDURANT ELEY