# EXHIBIT B

Army Regulation 600–8–24

Personnel–General

# Officer Transfers and Discharges

Headquarters
Department of the Army
Washington, DC
21 July 1995

**Unclassified**

### 1–22. Medical examination/retention

*a.* The officer's immediate commander will ensure that medical examination procedures are followed as stated in AR 40–501.

*b.* An officer may only be retained past his or her separation date for medical reasons when continued hospitalization and/or physical disability processing is required. An officer being retired (voluntary or involuntary) due to maximum age (paras 6–26 and 6–27) or length of service (para 6–28) will not be retained on AD unless the medical condition requires referral to a Physical Evaluation Board (PEB) (para 6–7). An officer who is medically fit for retention will not be retained beyond the established separation date. An officer will not be retained without his or her written consent (see *f* below).

*c.* The commander of the medical treatment facility (MTF) will forward requests for retention endorsed by the officer's unit commander, through the Office of the Surgeon General, HQDA (DASG–PSA), FALLS CHURCH VA 22041–3258; to CDR PERSCOM (TAPC–PDT–RS), 200 STOVALL STREET, ALEX VA 22332–0478; or for AGR personnel to CDR ARPERCEN (ARPC–AR), 9700 PAGE BLVD, ST LOUIS MO 63132–5200; or HQDA (DAAR–SO), CHIEF ARMY RESERVE, 2400 ARMY PENTAGON, WASH DC 20310–2400, as appropriate, for approval. The requests will include the following information:

(1) Officer's name, rank, and social security number (SSN).

(2) Reason for release (for example, nonselection for promotion).

(3) Scheduled release date.

(4) Medical reasons for retention.

(5) Medical facility point of contact.

(6) A copy of the retention affidavit (fig 1–1).

*d.* The officer will be advised of the following retention advantages:

(1) Medical care and/or hospitalization provided.

(2) Normal benefits such as pay and allowances, to include continued post exchange and commissary privileges.

(3) Dependent medical care when an officer is ordered to AD for more than 30 days.

(4) The additional active service is creditable for longevity and retirement. For Reserve officers ordered to AD for 30 days or less, any retention under *b* above past the termination date of the orders is not creditable as AD for retirement under section 1331, title 10, United States Code (10 USC 1331). (See *g* below.)

(5) State income tax benefits where allowed by law.

*e.* Advise the officer that if he or she is eligible for disability separation, the advantages are as follows:

(1) If permanently retired, election of the most favorable retired pay allowed. If temporarily retired, the same selection of pay is authorized, but the minimum will not be less than 50 percent of the basic pay.

(2) If retired, the officer, along with his or her dependents, will be eligible for certain medical care when facilities and staffing permit at uniformed services facilities and certain medical care in civilian facilities (see AR 40–3).

(3) The percentage of retired pay that is based on the disability will be exempt from taxation.

(4) If discharged for disability, the officer may be entitled to separation pay.

*f.* The retained officer will sign the retention affidavit (fig 1–1). The next of kin or legal representative will sign for the retained officer when the retained officer is mentally incompetent or unable to sign. If the officer is unable to sign and the next of kin or legal representative cannot be located or will not indicate whether the officer will be retained, the officer will be retained until a retention decision is reached. The hospital commander will forward the details of the case as required by *c* above. File a copy in the officer's DA Form 201 (Military Personnel Records Jacket, U.S. Army).

*g.* See AR 135–381 concerning procedures for RC officers on active duty for training (ADT), temporary tours of active duty (TTAD), or active duty for special work (ADSW) tours of 30 calendar days or less and are hospitalized.

### 1–23. Referral for physical disability evaluation

If a commissioned or warrant officer is being processed for REFRAD, separation, or retirement or has been referred for elimination action, when it is determined that the officer has a medical impairment that does not meet medical retention standards, the officer will be processed as set forth in paragraphs *a* through *d* below.

*a.* A commissioned or warrant officer under investigation for an offense chargeable under the Uniform Code of Military Justice (UCMJ) that could result in dismissal or punitive discharge may not be referred for or continue disability processing unless—

(1) The investigation ends without charges.

(2) The commander exercising proper court-martial jurisdiction dismisses the charges.

(3) The commander exercising proper court-martial jurisdiction refers the charge for trial to a court-martial that cannot adjudge such a sentence.

*b.* When a commissioned or warrant officer, as applicable, is being processed for one of the actions listed in (1) through (6) below, the officer will be processed in accordance with the provisions of this regulation and through the MEB/PEB system. If the result of the physical disability evaluation is a finding of physical fitness, the Army Physical Disability Agency will approve the findings for the Secretary of the Army and forward the proceedings to CDR, PERSCOM (TAPC–PDT–PM), to be processed with the other action. If a physical disability evaluation results in a finding of physical unfitness, both actions will be forwarded by CG, PERSCOM (TAPC–PDT–PM), to the Secretary of the Army for determination of appropriate disposition.

(1) Referral to the DAADB except when the DAADB is convened as a result of an imposed reduction in force.

(2) Involuntary REFRAD due to civil conviction or moral turpitude.

(3) Involuntary REFRAD due to the revocation of voluntary indefinite (VI) status.

(4) Resignation for the good of the service.

(5) Referral for elimination under chapter 4.

(6) Request for separation, resignation, or retirement in lieu of elimination.

*c.* When an officer is processed for separation or retirement for reasons other than those indicated above, physical disability takes precedence if the officer is retained with his or her consent. The procedures in paragraph 1–22 will be followed.

*d.* Officers previously determined physically unfit and continued on active duty under AR 635–40 must be referred for disability evaluations at final retirement or separation.

### 1–24. Indebtedness

An officer will not be retained on AD to satisfy an indebtedness to the Government or for collection of forfeitures adjudged by court-martial. The officer's final separation order will indicate the total amount of unpaid indebtedness and forfeitures due the Government on the REFRAD date (see DODPM).

### 1–25. Return from overseas

An officer stationed outside continental United States (OCONUS), who has a pending separation action will not be returned from the OCONUS command without PERSCOM approval or in the case of officers in special branches, without notifying special branch personnel managers also.

### 1–26. Assignment of personnel to a U.S. Army transition point/transition activity (TP/TA)

*a.* An officer stationed in continental United States (CONUS) who must be reassigned to a U.S. Army TP/TA will be processed according to AR 635–10.

*b.* The OCONUS commander will issue orders returning the officer to a CONUS (or other area of residence) U.S. Army TP/TA according to AR 635–10, unless otherwise directed by CG, PERSCOM. Consistent with availability of transportation, an officer will be returned only early enough to permit transfer processing for separation and normal travel time.