# EXHIBIT C

## Eley, Bondurant (CIV)

**From:** wickham1@wispertel.net
**Sent:** Friday, June 08, 2007 3:08 PM
**To:** Eley, Bondurant (CIV)
**Subject:** RE: Dolan v. United States, No. 07-166

**Attachments:** WISOTSKY with page numbers.htm; Wisotsky Stip Damages.pdf

WISOTSKY with page numbers.htm... Wisotsky Stip Damages.pdf (747...

Bondurant, I apologize for not replying earlier. I was on family vacation until Sunday, then was in Wash DC on family emergency until today.

We have considered your remand proposal, and your intent to move to stay. However, we will oppose any motion to suspend/stay the case to return to Army,. and interlocutory appeal if necessary. We may also move that motion to remand alone is inadequate answer to complaint.

We believe Dolan will prevail and proceed to the merits of this case, and prevail to either reinstate him to AD retroactive from 14 March 2001, or that he "was never legally separated from the military." Wisotsky v. US, 69 Fed.Cl. 299, 311 (2006). In that case (based on the Army's Wagner v. US), settled damages were to void Wisotsky UOTH misconduct discharge and reinstate to achieve 20 year retirement. Attached Joint Stip Damages. Although the Navy initially insisted on only a "harmless error" remand to reconvene a BOI, regulations and law prevented a new BOI 6 years later as impractical and prejudicial. I also have another recent COFC case where Army settled a wrongful PEB denial because of the time delay to remand with new PEB.

In Dolan, as in Wisotsky, constructive service (reinstatement) applies because harmless error doctrine inapplicable. The Army was prohibited from separating Dolan without completing the disability proceeding. This is structural defect substantially linked to the BOI. Disability processing when linked to BOI requires continuation on active duty. Dolan under regulation was and still entitled to proceed on AD with the uncompleted MEB, PEB and appeal (before USAPDA). Moreover, the Sec'y cannot act until all this process finishes. For example, Dolan has the right to appeal a PEB finding to PDA. This continued term of active duty alters Dolan's aggregate Army service, and thus whether he should be retired in lieu. The continued service also affects his BOI appeal since it was then based on service ending March 2001. Finally, Army regulation, remand case law, and the PEB statute, prevent at this late date to fully and fairly reconvene a new MEB, PEB and USAPDA appeal, and Sec'y action. If the Army has difficulty even locating all his service records, how can it expect to conduct new MEB, PEB?

John Wickham
Counsel for Paul Dolan

-----Original Message-----
From: Eley, Bondurant (CIV) [mailto:Bondurant.Eley@usdoj.gov]
Sent: Friday, June 08, 2007 8:35 AM
To: wickham1@wispertel.net
Cc: Eley, Bondurant (CIV)
Subject: Dolan v. United States, No. 07-166

-----Original Message-----
From: administrator@civ.usdoj.gov [mailto:administrator@civ.usdoj.gov]
Sent: Friday, June 08, 2007 10:22 AM
To: Eley, Bondurant (CIV)