IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PAUL E. DOLAN<br><br>Plaintiff,<br><br>v.<br><br><br><br>THE UNITED STATES<br><br>Defendant, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action<br><br>No. 07-166C<br>(C.O.C.Miller) |

**PLAINTIFF'S CONSENT MOTION FOR ENLARGEMENT OF TIME AND TO JOINTLY RESPOND TO DEFENDANT'S MOTIONS TO DISMISS, OR IN THE ALTERNATIVE TO STAY PROCEEDINGS**

Plaintiff-Dolan moves unopposed to submit a joint response to defendant's motions to dismiss or for remand, and moves for an extension of time of 9 days to submit that response up to July 20, 2007. Defendant consolidated these motions in one pleading filed July 13. The rules require Dolan's responses at different times, 28 days and 14 days, respectively. Dolan's counsel contacted defendant's counsel and she consents to this motion.

The parties agree that both of defendant's motions are sufficiently related so that the parties' convenience and interests of judicial economy are served by a joint response. This would also permit defendant's combined opposition.

Briefly, defendant's first raises a Rule 12(b)(6) motion to dismiss. Dolan's prayer for relief requests to void his 2001 elimination at his then 18 years of service, with reinstatement to complete a 20-year retirement. Defendant argues Dolan's request does not include challenges to (what defendant believes) are "the only two possible outcomes" that remain in this case— the Army Secretary in 2001 should have processed him under a special procedure for concurrent elimination *and* disability proceeding. Def. Mtn. 13. Defendant contends that this procedure did not allow Dolan a 20-year longevity retirement. Id.

Defendant's alternative motion to stay seeks a remand, presumably for the Army to reopen Dolan's 2001 elimination action to complete a concurrent disability proceeding. The Army would then see if Dolan in 2001 would have been found physically unfit. If found unfit, then the Secretary would re-determine whether to choose elimination or disability benefits. The bulk of defendant's motion brief discusses the Army's disability process, and the special procedure for concurrent elimination-disability proceedings. Id 4-8, 11-14. Because defendant's motions to dismiss and to stay primarily address the same subject matter, Dolan believes that a joint response will avoid confusing and redundant pleadings.

The current due date for a joint response is July 11. However, this follows 4th of July holiday and counsel will be on family vacation out of town. Dolan requests a nine day extension of a time to file his joint reply by July 20, 2007.

WHEREFORE, Dolan respectfully requests that the Court allow him to (1) submit a joint response to defendant's motions to dismiss or in the alternative to stay proceedings, and (2) grant an enlargement of time of 9 days, up to and including July 20, 2007, to file the joint response.

June 26, 2007

Respectfully submitted,

a/s John A. Wickham
Counsel for Plaintiff-Dolan
32975 Saint Moritz Drive
Evergreen CO 80439
303 670-3825