IN THE UNITED STATES COURT OF FEDERAL CLAIMS

---

No. 07-166C (Judge C.O.C. Miller)

---

PAUL E. DOLAN

Plaintiff,

v.

THE UNITED STATES

Defendant,

---

**PLAINTIFF'S EXHIBIT A**

---

August 3, 2007

John A. Wickham, Esq.
32975 Saint Moritz Drive
Evergreen CO 80439-6720
(303) 670-3825
Counsel for plaintiff

EXHIBIT A, TABLE OF CONTENTS

Cover letter, March 28, 2007, from National Personnel Records Center (re: Dolan request for separation and personnel records)....................1

Memorandum, February 4, 1999, Headquarters 9th RSC, "Officer Offense Report– Maj Paul E. Dolan"....................2-3

Department of Army Form 268, June 24, 1999 "Report to Suspend Favorable Personnel Actions" (FLAG)(re Paul Dolan)....................4

Memorandum, February 28, 2000, from Dr. Paul Ciranmgle, M.D., Staff Surgeon General, Tripler Army Medical Center....................5

Memorandum, September 20, 1999, Initiation of Elimination (re Maj Paul Dolan)....................6-7

Memorandum, October 22, 1999, Rebuttal to Initiation of Elimination (CPT Gary, defense counsel)....................8

Memorandum, October 27, 1999, Rebuttal to Initiation of Elimination (Maj Dolan....................8-A

Army Health Record, June 27, 2000, Tripler Army Medical Center, (re: Paul Dolan)....................9

Memorandum, September 18, 2000, Appellate Brief for Consideration by Board of Review .......10

Department of Army Form 1506, October 25, 2000, Statement of Service Computation..............11

# *National Personnel Records Center*

Military Personnel Records, *9700 Page Avenue St. Louis, Missouri 63132-5100*

March 28, 2007

Paul Dolan
c/o John Wickham, Esq.
32975 Saint Moritz Drive
Evergreen, Co 80439

**RE:** **Veteran's Name: DOLAN PAUL**
**SSN/SN: 040521419**
**Request Number: 1-2731050501**

Thank you for contacting the National Personnel Records Center. We are pleased to respond to your request for Separation Documents and Personnel Records by providing the enclosed document(s).

Separation documents may include the following information: the type and character of discharge, authority and narrative reason for separation, reenlistment eligibility code, and separation program designator/number. If you require a copy of the separation document that does not contain this information, a "***deleted***" copy must be requested from this Center. A seal has been affixed to the separation document to attest to its authenticity.

If you have questions or comments regarding this response, you may contact us at 314-801-0566 or by mail at the address shown in the letterhead above. If you contact us, please reference the Request Number listed above. If you are a veteran, or a deceased veteran's next of kin, please consider submitting your future requests online by visiting us at http://vetrecs.archives.gov.

Sincerely,

STEVEN SHULTZ
Archives Technician (1C)

Enclosure(s)

DEPARTMENT OF THE ARMY
HEADQUARTERS, 9TH REGIONAL SUPPORT COMMAND
1557 Pass Street, Fort Shafter Flats
Honolulu, Hawaii 96819-2135

REPLY TO ATTENTION OF:

APIX-JA 4 February 1999

MEMORANDUM FOR Commander, 25th Infantry Division (Light) & United States Army, Hawaii, ATTN: APVG-JA, Schofield Barracks, Hawaii 96857-5000

SUBJECT: Officer Offense Report MAJ Paul E. Dolan

1. Purpose. To inform the Commanding General, 25th Infantry Division (Light) & United States Army Hawaii of misconduct involving MAJ Paul E. Dolan, HQ, 9th RSC, Ft. Shafter Flats, HI.

2. Recommendation. That the Commanding General, 25th Infantry Division (Light) & United States Army Hawaii impose nonjudicial punishment and initiate separation action against MAJ Dolan for his misconduct.

3. Discussion.

a. MAJ Dolan is an Active Guard Reserve (AGR) officer assigned as the Equal Opportunity Officer, HQ, 9th RSC. MAJ Dolan was scheduled to report to the 9th RSC on 5 Oct 1998. When he failed to report, he was placed in an AWOL status on 13 Oct 98, effective 6 Oct 98. He reported for duty on 1 Nov 98.

b. An investigating officer (IO) was appointed pursuant to AR 15-6 to inquire into the matter (Encl 1). The IO found that:

(1) MAJ Paul Dolan was AWOL from 6 Oct 98 to 1 Nov 98. This is a violation of Article 86, UCMJ.

(2) MAJ Dolan failed to obey a direct, lawful order given by COL Alan Sepe on 28 Oct 98 by failing to immediately seek transportation and report to the 9th RSC, even after travel arrangements were made for him and he was notified of the arrangements. This is a violation of Article 90, UCMJ.

(3) On 23 Nov 98 MAJ Dolan provided a false sworn statement by stating he had not been informed of the changes to his original DA Form 31 (Request and Authority for Leave) when if fact SFC Claude Napier, PSNCO for the 88th RSC, had informed him of the changes on at least 2 occasions and showed him the changes and Ms. Kay Lopez, UA for HQ Co, 88th RSC, informed MAJ Dolan again as he was signing out of the unit that his leave form had been corrected and that the 88th RSC could not grant him leave

2

past his reporting date. This is a violation of Article 134 (False Swearing), UCMJ.

c. We are requesting that the Commander, 25 ID(L) & USARHAW take action on this case rather than returning it to us in order to consolidate actions. On 7 Feb 99, COL Robert Lee will assume command of the 9th RSC. We do not anticipate that he will be promoted to BG for at least several months. While COL Lee would be able to offer an Art. 15 to MAJ Dolan, he would have no recourse other than forwarding the case back to 25th ID(L) if MAJ Dolan turned the Art 15 down. He would not even be able to file a reprimand in MAJ Dolan's OMPF. Additionally, COL Lee will not be able to initiate separation action as he will not qualify as a "show cause" authority under AR 600-8-24.

4. Coordination. LTC Katkow, 9th RSC OSJA, 438-1600; Ext. 3116.

5. Costs. No direct costs.

RAYMOND E. GANDY, JR.
Brigadier General, USAR
Commanding

Encl
as

# REPORT TO SUSPEND FAVORABLE PERSONNEL ACTIONS (FLAG)

For use of this form, see AR 600-8-2; the proponent agency is MILPERCEN.

## SECTION I - ADMINISTRATIVE DATA

| 1. NAME *(Last, First, MI)* | 2. SSN | 3. RANK |
|---|---|---|
| DOLAN, PAUL E. | 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 | MAJ |

4. [X] On active duty [ ] Not on active duty [ ] On ADT

5. ETS/ESA/MRD: N/A

6. UNIT ASSIGNED AND ARMY MAJOR COMMAND: HQ, 9TH RSC, FORT SHAFTER FLATS, HI 96819-2135 HQ, USARPAC

7. STATION *(Geographical location)*: FORT SHAFTER FLATS, HI

8. PSC CONTROLLING FLAGGING ACTION AND TELEPHONE NUMBER

9. THIS ACTION IS TO:

- [X] Initiate a flag *(Sections II and V only)*
- [ ] Transfer a flag *(Sections III and V only)*
- [ ] Remove flag *(Sections IV and V only)*

## SECTION II - INITIATE A FLAG

10. [X] A FLAG IS INITIATED, EFFECTIVE 12 MAY 1999 FOR THE FOLLOWING REASON:

NON-TRANSFERABLE

- [ ] Adverse action (A)
- [X] Elimination - field initiated (B)
- [ ] Removal from selection list - field initiated (C)
- [ ] Referred OER (D)
- [ ] Security violation (E)
- [ ] HQDA use only - elimination or removal from selection list (F)

TRANSFERABLE

- [ ] APFT failure (J)
- [ ] Weight control program (K)

## SECTION III - TRANSFER A FLAG

11. [ ] A FLAG IS TRANSFERED FOR THE FOLLOWING REASON:

- [ ] Adverse action - HQDA directed reassignment (G)
- [ ] Adverse action - punishment phase (H)
- [ ] APFT failure (J)
- [ ] Weight control program (K)

[ ] Supporting documents attached? [ ] Yes [ ] No

## SECTION IV - REMOVE A FLAG

12. [ ] A FLAG IS REMOVED, EFFECTIVE ________ FOR THE FOLLOWING REASON:

- [ ] Case closed favorably (C)
- [ ] Disciplinary action taken (D)
- [ ] Soldier transferred to a different Army component or discharged while case in process *(destroy case file)* (E)
- [ ] Other final action (E)

## SECTION V - AUTHENTICATION

DISTRIBUTION

1 - Unit Commander
1 - PSC
1 - F&AO
1 - Commander, gaining unit *(transfer flag only)*

| NAME, RANK, TITLE, AND ORGANIZATION | SIGNATURE | DATE |
|---|---|---|
| C. W. GIBBS, MPO | C W Gibbs | 24 JUNE 1999 |



Gt 16 4

DEPARTMENT OF THE ARMY
HEADQUARTERS, TRIPLER ARMY MEDICAL CENTER
1 JARRETT WHITE ROAD
TRIPLER AMC, HAWAII 96859-5000

REPLY TO
ATTN OF
Paul T. Cirangle, M.D., F.A.C.S.
Major, MC, USA
Department of Surgery
Tripler Army Medical Center
1 Jarrett White Road
Tripler, HI 96859-5000

28 Feb 2000

MEMORANDUM FOR RECORD

RE: Major Paul Dolan
Note: This information is protected under the Patient Privacy Act.

1. Major Dolan has been undergoing medical evaluation since late 1999 for severe Gastroesophageal Reflux Disease. During an extensive work-up, he has been found to suffer from an extremely complicated set of physiologic abnormalities, which have been identified as the etiology of his chronic symptoms. He has been given an appropriate course of medical therapy and been found to be refractory. It is my medical opinion that Major Dolan requires surgery at this time to remedy his symptoms.
2. The surgery to correct Major Dolan's problem is quite complex – requiring the expertise of a physician who is familiar with this procedure. This expertise is only offered in a few DOD facilities – Tripler being one of them. His care would be significantly compromised if it was not rendered at one of these institutions.
3. Recent medical evidence suggests that the longer an individual is exposed to severe uncontrolled Reflux Disease, the higher their chances of developing esophageal cancer are. This problem should be corrected as quickly as possible to reduce this risk and relieve Major Dolan's symptoms.
4. His surgery is scheduled for March 3, 2000. He will require a minimum of 2 weeks convalescence leave after his discharge from the hospital. The actual amount will depend on the extent of the procedure (which can only be determined at the time of surgery), and may be as much as 30 days.
5. Due to operational taskings which I must complete, I will be unavailable to perform this surgery after the 8th of March 2000.

Paul T. Cirangle, M.D.
Major, MC, USA
Staff General Surgeon, TAMC

DEPARTMENT OF THE ARMY
HEADQUARTERS, 25TH INFANTRY DIVISION (LIGHT) AND U. S. ARMY, HAWAII
SCHOFIELD BARRACKS, HAWAII 96857-6000

APVG-PA-PA (600-8-24) 20 SEP 1999

MEMORANDUM THRU Commander, Headquarters 9th Regional Support Command, Fort Shafter, Hawaii 96819-2135

FOR MAJ Paul E. Dolan, 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, Headquarters 9th Regional Support Command, Fort Shafter, Hawaii 96819-2135

SUBJECT: Initiation of Elimination

1. You are required to show cause for retention on active duty under the provisions of Army Regulation (AR) 600-8-24, section 4, paragraph 4-2b(8), for dereliction of duty and for conduct unbecoming an officer.

2. My action is based on the following specific reason for elimination:

a. On or about 6 October 1998, without authority, you did absent yourself from your unit, and did remain absent until on or about 1 November 1998. This is a violation of Article 86, Uniform Code of Military Justice (UCMJ).

b. On or about 28 October 1998, you willfully disobeyed a lawful command from Colonel Alan Sepe, your superior commissioned officer, then known by you to be your superior commissioned officer, to report to 9th RSC immediately, or words to that effect. This is a violation of Article 90, UCMJ.

c. On or about 23 November 1998, at Fort Shafter, HI, in a sworn statement, you did wrongfully and unlawfully make a false statement in substance as follows: "I was not informed of any alterations made to my DA Form 31", which statement you did not then believe to be true. This is a violation of Article 134, UCMJ.

3. In conjunction with this action, a DA Form 268, Suspension of Favorable Personnel Actions has been initiated according to AR 600-8-2.

4. You may either have the assistance of an officer of the Judge Advocate General's Corps appointed as counsel or seek civilian counsel of your own selection (obtained by you at no expense to the government) to prepare a written statement indicating any pertinent facts or any rebuttal bearing on the question of your elimination.

a. This statement may be sworn or unsworn.

b. Documents submitted in rebuttal must be legible and reproducible.

c. You may also confer with your counsel for legal advice concerning your options stated in paragraph 7 below.

6

5. If you are eliminated for misconduct, moral or professional dereliction, the least favorable discharge you may receive is an Under Other Than Honorable Conditions Discharge. The final decision on the type of discharge will be determined by HQDA.

6. Before taking further action, I will consider all written comments or a rebuttal that you may submit with your acknowledgment.

7. In accordance with AR 600-8-24 paragraph 4-11, you may:

a. Submit your resignation in lieu of elimination according to AR 600-8-24, chapter 4. You may not request an effective date. The effective date will be as stated in AR 600-8-24, paragraph 4-5.

b. Request discharge in lieu of elimination according to AR 600-8-24, chapter 4. You may not request an effective date. The effective date will be as stated in AR 600-24 paragraph 4-5.

c. Apply for retirement in lieu of elimination if otherwise eligible, according to AR 600-8-24, chapters 4 and 6. The effective date for retirement date for retirement will be as applicable, if you have at least 19 years and 6 months of Active Federal Service (AFS) but less than 20 years AFS. The effective date will not be later than 60 days from the date you attain 20 years AFS. If you have 20 or more years AFS, the effective date will no later than 60 days from the date you elect retirement in lieu of elimination. You must specifically state that your application for retirement is submitted in lieu of elimination.

8. You have 30 calendar days from the date your receive this notification to acknowledge receipt in writing and exercise one of the options in paragraph 7.

9. Your acknowledgment should be in the format provided in AR 600-8-24, figure 2-4. If you elect an option in paragraph 7a or b, you will include your tender of resignation as an enclosure to your acknowledgment.

2 Encls
as

WILLIAM E. WARD
Major General, USA
Commanding

DEPARTMENT OF THE ARMY
UNITED STATES TRIAL DEFENSE SERVICE, REGION V
HAWAII FIELD OFFICE
SCHOFIELD BARRACKS, HAWAII 96857

REPLY TO
ATTENTION OF:

APVG-JA-TDS (27)

22 October 1999

MEMORANDUM THRU Commander, Headquarters 9th Regional Support Command, Fort Shafter, Hawaii 96819-2135

FOR Commander, 25th Infantry Division (Light) and U.S. Army Hawaii, Schofield Barracks, Hawaii 96857-6000

SUBJECT: Rebuttal to Initiation of Elimination, MAJ Paul E. Dolan, 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

1. On behalf of my client, MAJ Paul E. Dolan, I respectfully submit this rebuttal to the elimination action you initiated against him on 20 September 1999. I respectfully request that you dismiss this action and allow MAJ Dolan to remain on active duty in the AGR program.

2. The reasons for the elimination action are: (1) AWOL; (2) disobeying an order; and, (3) false swearing. These offenses also formed the basis of an Article 15 that MAJ Dolan received on 17 March 1999. The punishment MAJ Dolan received was forfeiture of $2,283.00 per month for two months, suspended until 13 September 1999, and a Letter of Reprimand from MG Hill which was filed in MAJ Dolan's Performance Fiche. Thus, MAJ Dolan has been appropriately punished for his actions. He accepted his punishment and has continued to soldier.

3. An elimination action against MAJ Dolan, at this point in his military career, constitutes an enormous fine and is inappropriate for the offenses. MAJ Dolan has 17 years active federal service. He will be eligible to retire in three years with an active duty retirement, receiving one-half of his base pay for life. MAJ Dolan's elimination amounts to a fine in the hundreds of thousands of dollars. This is an excessive penalty. These offenses do not justify MAJ Dolan forfeiting all that he has worked for during his military career.

4. MAJ Dolan has served his country faithfully for approximately 23 years, 6 of which have been in the National Guard and Reserves. He has served in a variety of assignments as both an enlisted soldier, Non-commissioned officer, and officer. He has been in the AGR program since February 1988. The Army has a great deal invested in MAJ Dolan and vice versa. MAJ Dolan is a career soldier and still has a lot to offer the Army. It would be unfair to force him to pay such a high price for offenses for which he has already been punished. Therefore, I respectfully request that you dismiss this elimination action. If you decide not to dismiss this action, I request appearance before a board of inquiry on behalf of MAJ Dolan.

5. Enclosed for your review is a memorandum from MAJ Dolan, his Officer Record Brief, and MAJ Dolan's DA Form 2A and 2-1. Point of contact for this memorandum is the undersigned at 655-0959.

Encls
as

PATRICK L. GARY
CPT, JA
Defense Counsel

GE4

8

DEPARTMENT OF THE ARMY
HEADQUARTERS 9TH REGIONAL SUPPORT COMMAND
1557 Pass Street, Fort Shafter Army Reserve Center
Honolulu, Hawaii 96819-2135

REPLY TO
ATTENTION OF

APIX-EO (600-8-24)

27 October 1999

MEMORANDUM THRU Commander, Headquarters, 9th Regional Support Command, 1557 Pass Street, Bldg. 1557, Fort Shafter Army Reserve Center, Honolulu, Hawaii 96819-2135

FOR Commander, 25th Infantry Division (Light) and U.S. Army Hawaii, ATTN: APVG-PA-PA, Bldg. 580, Schofield Barracks, Hawaii 96857-6000

SUBJECT: Rebuttal to Initiation of Elimination, MAJ Paul E. Dolan, 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

1. I request to remain in the Army as an AGR officer. I have strongly supported the Army throughout every period of my career and believe I still have positive contributions to offer. From my moral support of our troops fighting in Vietnam until this day, I diligently worked to make a lasting contribution to our nations' defense. My efforts to this point, I think, have been successful and meaningful. I will continue to meet the tomorrow's challenges whereever I am needed, and in whatever capacity I may.

2. My three years experience as an enlisted soldier in the 3/11th Armored Cavalry Squadron in the Fulda Gap shaped my understanding of the volatile and rapidly changing strategic battlefield. This experience taught me how to engage any enemy with speed, audacity and lethality. My five-year civilian police experience often tested and validated the lessons learned in the Cavalry. I try to instill these skills in every subordinate or peer I meet.

3. As a soldier, I climbed the ranks gaining a unique insight from each level which has positively impacted the missions I have been given and the decisions I have made. I have gained valuable experience in areas of Recruiting, Retention and the handling of Low/High Intensity Conflicts which I believe are relevant today and will continue to be tomorrow. I want remain in the Army to meet these new challenges.

Paul E Dolan

PAUL E. DOLAN
MAJ, MP
Equal Opportunity Officer

GE5

8-A

**Preliminary Matters**

**RECORDER**

This board is convened at 0800 hours, 20 April 2000, Building T101, Fort Shafter, Hawaii 96857. This board is appointed by Memorandum of Appointment, Headquarters, 25th Infantry Division (Light) and U.S. Army, Hawaii, Schofield Barracks, Hawaii 96857, dated 20 September 1999.

**PRESIDENT**

This hearing will come to order. The board of officers has been called to determine the Administrative Separation action of MAJ Paul E. Dolan, 9th Reserve Support Command. MAJ Dolan, do you request any spectators be present at this hearing?

**RESPONDENT**

No, Mr. President.

**PRESIDENT**

Since the respondent has not requested any spectators be present in this hearing, none will be permitted.

**RECORDER**

This Board of Inquiry is appointed by MG William E. Ward, by Memorandum of Appointment, Headquarters, 25th Infantry Division (Light) and U.S. Army, Hawaii, Schofield Barracks, Hawaii 96857, dated 20 September 1999. A copy has been furnished to each member of the board, the respondent, the appointed respondent's counsel, and to the recorder, incorporating in the record at this point as Government Exhibit No. 1.

The recorder read the appointment orders.

**RECORDER**

The following members of the board are present:

COL Daniels, President
COL Riojas, Member
COL Broome, Member
MAJ Stephens, Legal Advisor
CPT Dever, Recorder
MAJ Windsor, Alternate Recorder
Mr. Gary Myers, Civilian Counsel for Respondent
CPT Gary, Military Counsel for Respondent

SPC Anschutz, Reporter
SPC Rivera, Legal Specialist

The reporter was sworn in by the recorder.

**PRESIDENT**

The Respondent should identify his counsel at this point for the record.

**RESPONDENT**

I am represented by Mr. Gary Myers (civilian counsel) and CPT Patrick L. Gary (military counsel).

**PRESIDENT**

Will any member of the board be called by respondent's counsel as a witness?

**COUNSEL FOR THE RESPONDENT**

No, Mr. President.

**PRESIDENT**

Does anyone wish to challenge any member of the board (or legal advisor) for lack of impartiality?

**RECORDER**

The Government has no challenge.

**COUNSEL FOR THE RESPONDENT**

The counsel for the respondent asked the board about their relationships with the following witnesses:

BG Raymond Gandy
COL Alan Sepe
COL Lee
COL Craig Anderson
Mr. Jaybee Obusan
Mr. Ma

HEALTH [illegible] CHRONOLOGICAL RECORD OF MEDICAL CARE/STANDARD [illegible]
[illegible] HISTORY, DIAGNOSIS, TREATMENT TREATING ORGANIZATION
Date: 2[illegible] CLINIC: ADULT MEDICINE CLINIC
Provider: [illegible] DIVISION: TRIPLER ARMY MEDICAL CENTER

⊖ smoke

Allergies:
None listed

Problem List:
Diagnosis or Condition Deferred on Axis I A (799.9)(799.9)
Foot Injury (959.7)(959.7)
Pharyngitis (462.)(462.)
Gastroesophageal Reflux Disorder (530.81)530.81)
Impacted cerumen (380.4)(380.4)
Contusion of finger (923.3)(923.3)
Elevated blood pressure reading without diagnosis of hypertension (796.2)
Interpersonal problems (V62.81)
Visual field defect (368.40)(368.40)
Other symptoms referable to joint of shoulder region (719.61)

Objective: BP (Sit/Stand): 141/106 Pulse: 47 Resp: 16 Temp: 97.9
BP (Supine): ___/___ Ht: 67" Wt: 185

BP - 130/88 MANUAL
Ⓡ ARM

Appointment:
45 year old Male with SD appointment type
Reason: NEEDS REFERRAL FOR OUTSIDE CARE
Date: 27 Jun 2000@1500

| Current Outpatient Medications: | Ref | Last Filled |
|---|---|---|
| RANITIDINE (ZANTAC EQ)--PO 150MG TA TAKE ONE TAB PO BID | 5 | 20 Sep 1999 |
| LANSOPRAZOLE--PO 30MG CPSR T1 CAP PO BID #60 RF | 0 | 08 Nov 1999 |
| CISAPRIDE (PROPULSID)--PO 10MG TAB T2 TABS PO BID #120 | 3 | 15 Dec 1999 |

Clinic Note:

Refer for outpatient Psychiatry
MRI knee - subtle amt [illegible] disorder - Ortho F/u in 2 weeks
shoulder - SLAP-[illegible]

(1) [signature]

[signature]

Name: DOLAN,PAUL EUGENE FMP/SSN: 20/040521419 Sex: M PCat: A12
Spon: DOLAN,PAUL EUGENE Clinic: ADULT MEDICINE CLINIC
Rank: MAJOR Outpt Rec Rm: TRIPLER OUTPATIENT RECORD
Unit: 9TH RSC (PROV) H#: 800-301-9918pg DOB: 22 Dec 1954
MTF: TRIPLER AMC, HI W#: 438-1600EXT3194 Ins: N
Ins Co: Policy #: CM:
MC Status: ENROLLED Reg comm:
PCM: SERBANO,ELIZABETH P POC: ADULT MEDICINE CLINIC
CHRONOLOGICAL RECORD OF MEDICAL CARE/STANDARD FORM 600E (Rev. 5-84)

DEPARTMENT OF THE ARMY
UNITED STATES TRIAL DEFENSE SERVICE, REGION V
HAWAII FIELD OFFICE
SCHOFIELD BARRACKS, HAWAII 96857

REPLY TO
ATTENTION OF:

APVG-JA-TDS 18 September 2000

MEMORANDUM FOR Commander, U.S. Total Army Personnel Command, ATTN: TAPC-PDT-PM, 200 Stovall Street, Alexandria, Virginia 22332-0479

SUBJECT: MAJ Paul E. Dolan, Appellate Brief for Consideration by Board of Review

1. I am writing this memorandum on behalf of my client, MAJ Paul E. Dolan, in order to request that you disapprove the recommendation for immediate elimination from active service. Both the Board of Inquiry and the Commanding General recommended elimination based on MAJ Dolan being absent without leave and providing a false official statement.

2. MAJ Dolan has over 17 ½ years of active federal service. Elimination at this point would levy a significant fine upon him. The fine is the loss of retirement benefits that would shortly be realized by MAJ Dolan. The amount of such a fine is unknown, however, conservative estimates would place that figure easily over $500,000. I submit that such a penalty is excessive given the misconduct. MAJ Dolan has been punished for the misconduct that was the basis of the officer show cause board. He received punishment under Article 15. I submit that he has suffered enough punishment for his misconduct.

3. Although MAJ Dolan was wrong in not reporting for duty by his report date, his inability to do so is understandable under the circumstances. Upon his receipt of orders transferring him from the 88th R.S.C. in Minnesota to the 9th R.S.C. in Hawaii, MAJ Dolan only had about a month of preparation time for his move. His duties at the 88th R.S.C. prevented him from signing out of his unit until 30 September. MAJ Dolan was faced with the obligation of taking care of his ailing father in Maine and the arduous task of winterizing his father's home. MAJ Dolan knew he would be unable to return to see his father for at least one year. Not knowing if his father would even live that long, it is understandable that he would want to ensure that his father was well taken care of prior to leaving for Hawaii.

4. MAJ Dolan has served his country faithfully for almost 24 years, 6 of which have been in the National Guard and Reserves. He has served in a variety of assignments as both an enlisted soldier, non-commissioned officer, and officer. He has been in the AGR program since February 1988. MAJ Dolan is a career soldier and still has a lot to offer the Army.

5. MAJ Dolan only wants the retirement for which he has worked hard for over 17 ½ years of active federal service. Forfeiting that benefit is a penalty too severe for his misconduct. MAJ Dolan simply asks that he be allowed to serve out his time until he is retirement eligible in less than 2 ½ years. Thus, I request that the recommendation of the Board of Inquiry be disapproved.

6. Thank you very much for your consideration of this request. If you have any questions, I can be reached at (808) 655-0959/8574.

PATRICK L. GARY
CPT, JA
Defense Counsel

10

# STATEMENT OF SERVICE - FOR COMPUTATION OF LENGTH OF SERVICE FOR PAY PURPOSES

For use of this form, see AR 37-104-3; the proponent agency is ASA(FM)

PRIVACY ACT STATEMENT

rity: 37 USC, Section 1006; Executive Order 9397.

se: This form is used to document a member's request for verification of military service. It is also used to adjust a soldier's Other Entry Pay Effective Date (OPED) and Basic Pay Entry Effective Date (BPED) which will affect the rate and period of basic pay entitlement.

ne Uses: Information collected on this form becomes part of the Joint Uniform Military Pay System (*JUMPS*) and is subject to all of the routine disclosures made by that system. Routine recipients of JUMPS disclosures include, but are not limited to the Red Cross and State and local governments for tax and welfare purposes

osure: Voluntary; however, nondisclosure may result in nonverification of service. Disclosure of your social security number (SSN) is voluntary; however, this form will not be processed without your SSN because it is used to identify you for pay purposes.

| ST NAME, FIRST NAME, MIDDLE INITIAL | 3. COMPLETE MAILING ADDRESS *(Unit Personnel Officer, if member on AD)(Unit Commander if member of ACDUTRA)* |
|---|---|
| LAN PAUL EUGENE | Commander, AR-PERSCOM<br>ATTN. ARPC-ARO<br>1 Reserve Way<br>St. Louis, MO 63132-5200 |
| SN<br>)-52-1419 | |

*ve held a commission: appointment as commissioned warrant officer, flight officer, or Army field clerk, or have been enlisted as a member of the respective service(s) wn below for the inclusive period indicated. All National Guard service claimed hereon was federally recognized: it was not in the inactive National Guard: all officers' ing camp service was in the capacity of an enlisted person and all initial appointments are shown from the date of acceptance.*

| 4. SERVICE (ny, Air Force, Navy, etc.) | 5. CHECK | | | 6. FROM | | | 7. TO | | | 8. Time Lost (Days) | 9. COMPUTATION | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | ENL | WO | COM | YR. | MO. | DAYS | YR. | MO. | DAYS | | YR. | MO. | DAYS |
| AR ON AD (AGR) | | | X | 1988 | 02 | 28 | 2000 | 10 | 24 | 0 | 12 | 7 | 27 |
| | | | | | | | | | | | | | |
| PEBD: 1975/04/28 | | AT/ | ADT: | 0 yrs | 4 mos | 18 dys | | | | | | | |
| BASD: 1983/01/03 | | | | Total Years Active Federal Service → | | | | | | | 17 | 9 | 22 |
| | | | | 10. Total creditable service (years) → | | | | | | | 25 | 5 | 27 |

11a. SIGNATURE OF MEMBER

11b. DATE

FOR USE BY THE ADJUTANT GENERAL (When statement above is incorrect, correct service will be entered.)

| 12. SERVICE (Army, Air Force, Navy, etc.) | 13. CHECK | | | 14. FROM | | | 15. TO | | | 16. Time Lost (Days) | 17. COMPUTATION | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | ENL | WO | COM | YR. | MO. | DAYS | YR. | MO. | DAYS | | YR. | MO. | DAYS |
| | | | | | | | | | | | | | |

1. I DO CONCUR WITH THE ABOVE STATEMENT OF SERVICE COMPUTATION.

(SIGNATURE) (DATE)

2. I NONCONCUR WITH THE ABOVE STATEMENT OF SERVICE COMPUTATION, ATTACHED IS COPY OF MY SUPPORTING DOCUMENTATION TO ADJUST PEBD/BASD.

(SIGNATURE) (DATE)

18. Total service creditable for basic pay (years) →

19a. AUTHENTICATION Andrew A. Misfeldt

ANDREW MISFELDT, SGT, FTSMD, OFFICER MANAGEMENT DIVISION

19b. DATE

25-Oct-00

DA FORM 1506, AUG 87 Pg. 2 of 2 EDITION OF MAY 85 IS OBSOLETE CFP V1.0

11