IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PAUL E. DOLAN, Plaintiff | ) | No. 07-166C |
| v. | ) | (Judge Christine O.C. Miller) |
| THE UNITED STATES, Defendants. | ) | |

**DEFENDANT'S MOTION TO STAY BRIEFING ON PENDING MOTIONS TO ALLOW FOR A DECISION ON DEFENDANT'S MOTION FOR STAY PENDING REMAND, OR, IN THE ALTERNATIVE, FOR AN ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S MOTION**

Defendant hereby respectfully moves for a stay of briefing upon plaintiff's motion for summary judgment and upon its own motion to dismiss pending the resolution of defendant's motion to stay proceedings in this Court to allow for a remand to the Army Board for Correction of Military Records ("ABCMR"). A decision to remand will relieve the Court and the parties of the necessity of extensive briefing and proceedings on the question of whether a procedural error occurred in Mr. Dolan's case, and on whether Mr. Dolan is entitled to disability retirement benefits or other relief. Defendant therefore requests a stay of briefing on pending motions until the time when the Court resolves defendant's motion for stay pending remand. Alternatively, defendant respectfully requests an enlargement of time of twenty-one days after the Court decides the instant motion to stay, but no sooner than September 21, 2007, to file a response and reply to the pending motions.[1]

[1] An enlargement of time will be necessary because defense counsel will be traveling extensively in connection with other cases between August 30 and 31, and between September 10 and September 13. Defense counsel will also be out of the office and without computer access from September 3 through September 9.

The gravamen of Mr. Dolan's complaint in this case is that the decision of the Army to release him involuntarily from active duty for misconduct was arbitrary and capricious because he was not given an opportunity to be evaluated for disability retirement in lieu of termination. Insofar as Mr. Dolan appeared to be pursuing reinstatement, defendant filed a partial motion to dismiss Mr. Dolan's reinstatement claims under 12(b)(1) as outside the jurisdiction of this Court. Def.'s Mot. at 9. Defendant also moved for dismissal of Mr. Dolan's claims for reinstatement, back pay, and retirement pursuant to 12(b)(6) on the grounds that Paragraph 1-23 of Army Regulation 600-8-24, which governs the relief potentially available to Mr. Dolan, limits his potential recovery to physical disability benefits. Id. at 11-13. In the alternative, defendant asked that this Court stay proceedings to allow for a remand to the Army Board for the Correction of Military Records to allow for a determination of whether Mr. Dolan did, in fact, qualify for an award of physical disability benefits in lieu of termination, and to allow for an appropriate award, if warranted. Id. at 13-14.

Plaintiff has now filed a document entitled "Motion for Summary Judgment, And Opposition To Defendant's Motions To Dismiss Or In The Alternative To Remand" (hereinafter "Pl.'s Mot. for Summ. J."). Mr. Dolan states that he is seeking "review of the procedural regularity of eliminating [him] when retention was required for continued medical care and disability processing." Pl.'s Mot. for Summ. J. at 12. Mr. Dolan presses his allegations of procedural error at great length, see id. at 4-21, asserting that the existence of procedural error should foreclose any evaluation, based upon the contents of his administrative record, of whether he would have, in fact, been entitled to disability retirement had his eligibility for those benefits been evaluated. Id. at 12. Mr. Dolan concludes that the only remedy in this case is for the

parties to "confer on the appropriate remedy." See id. Summ. J. at 24-25.

Mr. Dolan apparently believes that, if he proves the existence of procedural error before this Court, his remedy will lie in an immediate, unspecified award of monetary compensation, free and clear of any evaluation of the contents of his administrative record on disability. This is error. It is a fundamental principle of law in military pay cases that "judicial review in military pay cases is normally limited to the administrative record developed before the military board," including plaintiff's military personnel records, medical records, pay records, and/or the record created during any correction board proceedings. Bateson v. United States, 48 Fed. Cl. 162, 164 (2000) (citing Long v. United States, 12 Cl. Ct. 174, 177 (1987). Moreover, procedural complaints such as the one being made in this case beget procedural remedies, including remand. See Lechliter v. United States, 72 Fed. Cl. 17, 20 (2006) ("Because the Army failed to provide [plaintiff] with a formal [Physical Evaluation Board] in accordance with its regulations, . . . the court remands this case to the Army to remedy this deficiency."): cf. also, e.g., Loomis v. United States, 68 Fed. Cl. 503, 508-510, 522 (2005) (agreeing that plaintiff had a right to suspension of his Board of Inquiry proceedings pending consideration of his retirement in lieu of elimination request and remanding to the ABCMR for further proceedings).

The ABCMR, composed of civilians appointed by the Secretary, is empowered by statute to "correct any military record . . . when [the Secretary] considers it necessary to correct an error or remove an injustice." 10 U.S.C. § 1552(a) (2005). After receiving the ABCMR's recommendations, the Secretary of the Army may direct "appropriate" corrective action. See Knehans v. Alexander, 566 F.2d 312, 315 (D.C. Cir. 1977), cert. denied, 435 U.S. 995 (1978) (Army Corrections Board considered adequate source of relief for officer who sought

reinstatement and backpay after discharge); see also Chappell v. Wallace, 462 U.S. 296, 303, 76 (1982) (discussing broad powers of Corrections Board). This Court "has consistently held that Congress has entrusted the military boards with the task of determining whether a serviceman should be retired for disability . . . ." Friedman v. United States, 159 Ct. Cl. 1, 310 F.2d 381, 389 (Ct. Cl. 1962) (emphasis supplied). As such, the ABCMR is the best, first-line forum for Mr. Dolan's claims of error.

The Army has agreed to reevaluate Mr. Dolan's case in the absence of a directive from this Court or a finding that Mr. Dolan was the victim of a procedural error during his elimination proceedings. A remand is precisely the relief that Mr. Dolan would receive if the parties and the Court expended substantial resources in making a determination of whether procedural error had occurred, and if that determination was made in Mr. Dolan's favor. A remand would also obviate the need for briefing and a ruling on defendant's pending partial motion to dismiss. As such, a stay of briefing both upon plaintiff's motion for summary judgment and upon defendant's motion to dismiss pending a decision of this Court on a stay to allow for remand would serve the interests of all involved.

Defendant notes that Mr. Dolan's opposition to remand, which is set forth in his recent summary judgment motion, stems from a number of misconceptions concerning the ability of the ABCMR to evaluate disabilities existing at the time of his discharge six years ago. Indeed, Mr. Dolan argues that (1) the passage of time has made his records incomplete, see id. at 21-22,[2] (2)

---

[2] Mr. Dolan also complains that "[d]espite a motion to remand, defendant provides no administrative record." Id. Defendant wishes to clarify that no answer has yet been filed in this case, because of the pending motion to dismiss and motion for stay to allow for remand. Moreover, this is not a case where no administrative record exists. Indeed, undersigned counsel is both surprised and puzzled by counsel's account of their interactions regarding the

a presumption of fitness will be applied to his case since he would be pursuing a post-discharge, as opposed to a pre-discharge, disability evaluation, see id. at 6-7, 18-19, and that (3) post-discharge evidence of disability may be "relegated to an inferior evidentiary status" in a proceeding before the board. Id. at 19-20. He further argues that a Medical Evaluation Board ("MEB") or Physical Evaluation Board ("PEB") constituted at this time will be unable to determine, based upon his existing medical records, whether he would have qualified for disability retirement at or around the time of his discharge, particularly given that no contemporaneous physical examination was conducted by the Army. See Pl.'s Mot. for Summ. J. at 21-22, 24. These concerns are misplaced.

If existing administrative records are incomplete, "the proper course, except in rare circumstances, is to remand [the action] to the agency for additional investigation or explanation." Bateson, 48 Fed. Cl. at 164. A post-discharge disability assessment that occurs even many years after the fact, requires an evaluation of incomplete or missing medical records, and does not have the benefit of a formal pre-discharge medical examination, is neither novel nor impossible, and, thus, is no exception to this rule. See, e.g., Six v. United States, 71 Fed. Cl. 671, 671-675, 686-87 (2006) (remand for disability eligibility determination over thirty years after discharge, despite the existence of a "silencing order" which potentially resulted in lack of contemporaneous evidence of disability); Lechliter, 72 Fed. Cl. at 20 (remand to PEB despite Government's argument that "during the nine month interval between the information PEB and Mr. Lechliter's retirement, his health could have changed"). Moreover, under appropriate

Government's motion for an enlargement of time to answer insofar as that account suggests that undersigned counsel "contacted [him] asking for Dolan's records" and then "again called saying [the Army] still had no records and asking plaintiff for assistance." Id. at 21.

circumstances, this Court can require the board to rely upon post-discharge medical evaluations in making that assessment. See Six, 71 Fed. Cl. at 686 ("[J]ustice requires that the BCNR rely on medical evaluations made after plaintiff's separation from the Navy and affidavits describing plaintiff's behavior at the time of the alleged incident . . . to determine whether plaintiff suffered from disabling PSTD at the time of his discharge.").

It also bears noting that, contrary to Mr. Dolan's assertions,[3] the fact that Mr. Dolan may be evaluated for disability after, rather than prior to, his discharge, imposes no special burden of proof or "presumption of fitness" upon him. The applicable Army regulation provides that "[w]hen a soldier is being processed for separation or retirement for reasons other than physical disability, continued performance of assigned duty commensurate with his or her rank or grade until a soldier is scheduled for separation or retirement, creates a presumption that the soldier is fit." Army Reg. 635-40, ¶ 3-2. Thus, if Mr. Dolan had been afforded a disability evaluation before his elimination proceedings had been completed, he still would have borne the burden of proving his eligibility for disability retirement. As such, a remand of his case for a post-discharge determination does not alter Mr. Dolan's burden of proof or work to his detriment.

The propriety of remand is an issue that is now squarely before the Court. Because of its potential to moot Mr. Dolan's claims of procedural error and afford him the only relief for which he ultimately may be eligible, defendant respectfully requests a stay of briefing on all pending motions to allow for a determination of whether a stay to allow for remand to the ABCMR is

---

[3] Mr. Dolan contends that "[u]pon discharge, the statutory and regulatory 'presumption of fitness' forever shifted the burden of proof to Dolan . . . to then prove that . . . medical impairments . . . made him physically unfit at the time of discharge," and that "Major Dolan's premature removal from a pay status cast in stone this presumptive bias for the entire disability process . . . ." Pl.'s Mot. for Summ. J. at 18.

appropriate. In the alternative, defendant respectfully requests an enlargement of time of twenty-one days after the Court decides the instant motion to stay, but no sooner than September 21, 2007, to file a response and reply to the pending motions.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE M. DAVIDSON
Director

s/Bryant G. Snee
BRYANT G. SNEE
Deputy Director

s/A. Bondurant Eley
A. BONDURANT ELEY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 616-8254
Fax: (202) 514-8624

OF COUNSEL:

MAJOR JERRETT DUNLAP
United States Army Litigation
Division Military Personnel Branch
901 N. Stuart Street, Suite 400
Arlington, VA 22203-1837
Tele: (703) 696-1628
Fax: (703) 696-8126

August 29, 2007

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of August, 2007, a copy of the foregoing "Defendant's Motion To Stay Briefing On Pending Motions To Allow For A Decision On Defendant's Motion For Stay Pending Remand, Or, In The Alternative, For An Enlargement of Time to Respond to Plaintiff's Motion" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ A. Bondurant Eley
A. BONDURANT ELEY