IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PAUL E. DOLAN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action |
| v. | ) | |
| | ) | No. 07-166C |
| | ) | (C.O.C.Miller) |
| | ) | |
| THE UNITED STATES | ) | |
| | ) | |
| Defendant, | ) | |

**PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO DEFENDANT'S MOTION TO STAY BRIEFING, OR IN THE ALTERNATIVE, PLAINTIFF'S MOTION TO STRIKE**

Plaintiff-Dolan moves for an extension of 12 days to September 24, 2007 to respond to defendant's pleading filed August 29, styled as "motion to stay briefing to allow for a decision on defendant's motion to remand." Dolan below contends that defendant's pleading must be construed by this Court as defendant's responsive pleading on the merits opposing Dolan's motion for summary judgment. In that case, Dolan's reply is due September 12.

Defendant alternatively requests an enlargement of time to jointly file a "response and reply to the pending motions." Def. Mtn 1. This alternative may mean defendant's response to Dolan's motion for summary judgment and reply to defendant's prior motion to dismiss. This alternative is in the event this Court denies (or defers ruling on) the revised motion to stay, and directs defendant to file the joint responsive pleading. Dolan does not object to defendant's request for an enlargement of time. So in this alternative request, the Court may defer ruling on defendant's motion for stay, and grant an enlargement of time for defendant to file a joint response/reply. Accordingly, in the alternative, Dolan moves to strike defendant's new motion to extent that it contains premature argument opposing Dolan's motion for summary judgment. RCFC 12(f).

Good cause exists to grant Dolan's request for his counsel's extension of time. Undersigned counsel several weeks ago was unexpectedly required to represent two Army officers on an emergency basis for next 30-45 days in a military criminal case. This requires counsel's substantial engagement to meet military-imposed deadlines, along with travel.

There is additional reason to grant Dolan's extension. Dolan's counsel needs sufficient time to respond to the substantive merits of defendant's pleading of August 29th. Procedurally, defendant's pleading is problematic. Firstly, the Court granted Dolan's motion to jointly respond to defendant's own jointly-filed motions to dismiss or to stay/remand. Because Dolan had argued that defendant's motions were factually related, a joint reply avoided piecemeal litigation. Dolan in his brief in support of the summary judgment, argued that defendant's motions were legally and factually inseparable.

Defendant's pleading styled as a "motion to stay briefing" must be construed as its response opposing Dolan's motion for summary judgment. Defendant, under the guise of a lengthy motion, presented opposing arguments directly on the merits of Dolan's motion for summary judgment, and on issues related to defendant's prior motion to dismiss. Having so responded, a defendant not including an opposing statement facts is deemed to have admitted Dolan's proposed facts, and forfeited other supplemental responses. RCFC 8(d). Dolan may now reply to his motion for summary judgment.

Defendant cannot have it both ways. In its "motion" arguments are presented opposing Dolan's motion for summary judgment, replies to its motion to dismiss, then asks the court to decide its motion to stay. Because these are all related, in effect defendant is asking the Court to deny Dolan's motion for summary judgment. But defendant wants another bite of the apple— if the Court denies the motion to stay, defendant wants to reargue its case but now under guise of its vaguely worded "response and reply to the pending motions." Def. Mtn. 1.

Defendant's alternative request is for more time to respond to Dolan's motion for summary judgment. And presumably this means defendant wants to resurrect a motion dismiss. In this

alternative, the Court may defer ruling on defendant's motion for stay, and grant a time enlargement for defendant's responses. However, this will render inappropriate and premature defendant's accompanying arguments on the merits. So granting the extension requires striking (not considering) defendant's responsive arguments to Dolan's motion for summary judgment. Striking avoids triggering court rules on timing of responses. Because this gives defendant additional time to revise its arguments, defendant should simply re-offer them. Or as the Court so directs.

WHEREFORE, Dolan respectfully requests that the Court grant him an extension of 12 days to September 24, 2007 to respond to defendant's pleading of August 29, 2007, and to find defendant's pleading as a response to Dolan's motion for summary judgment. Alternatively, if the Court defers ruling on defendant's motion to stay and directs defendant's responsive pleading at a later date, then the Court should strike the pleading of August 29th, or as the Court so directs.

September 4, 2007

Respectfully submitted,

a/s John A. Wickham
Counsel for Plaintiff-Dolan
32975 Saint Moritz Drive
Evergreen CO 80439
303 670-3825