IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PAUL E. DOLAN<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES<br><br>Defendant, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action<br><br>No. 07-166C<br>(C.O.C.Miller) |

**PLAINTIFF'S MOTION FOR RECONSIDERATION**

Plaintiff-Dolan moves under RCFC 59(e) for the Court to reconsider its remand order of September 4, 2007, and to deny defendant's motion to stay briefing. The Court's order recites the titles of past pleadings. There is no analysis. And no reasons offered why remand is appropriate under the Rules. Plaintiff raises two contentions: the Court's remand order asks the BCMR to address a claim never sought by Dolan— disability benefits in lieu of termination. Secondly, the Court overlooked the fundamental issue of futility of remand. Regardless of the outcome on BCMR remand, it will not change the legal issues in this case. Remand will not address Dolan's claims to void his 2001 discharge and to determine he was never legally separated from active duty. The BCMR remand will be an impermissible *post hoc* speculation on the outcome had the dual processing error not occurred in 2001.

The Army Secretary is precluded from conducting any after-the-fact final action on what he might have done six years ago had Dolan been retained to complete disability processing. Wagner v. United States, 365 F.3d 1358, 1364-65 (Fed.Cir. 2004)(court finding inapplicable the subsequent harmless review by the ABCMR that agreed with Secretary's *post hoc* approval of officer's discharge when Secretary's failed to consider 18 years of service). Assuming arguendo, the harmless error doctrine may apply generally to post-discharge disability proceedings. However, disability evaluations

proceed on a separate course with its own final action— fit or unfit. The harmless error test does not apply to the subsequent, distinct proceeding in dual process cases of disability and elimination— how the Secretary weighs both final actions for "appropriate disposition." A.Reg.600-8-24 ¶ 1-23b.

Defendant contends that on remand, and presumably after completing Dolan's disability process, the final proceeding results in two outcomes: the Secretary decides to eliminate Dolan or award disability benefits. Def. Stay Mot. at 2 (relief is "limited under ¶ 1-23a,"). But even if Dolan on remand is found totally unfit and rated 100%, the Secretary can still eliminate him. There is absolutely no limit on the Secretary's options under dual processing rules. So analogous to the first prong in Wagner, the Secretary in Dolan's situation has "unbridled discretion" without any applicable standards or tests limiting final disposition by the Secretary. Id 1364. The second prong is that this procedural omission in 2001 was a "structural defect" that in Wagner could not be cured on remand to the BCMR. Where a structural defect does not contain reviewable standards limiting the exercise of discretion, harmless error does not apply:

> The nature of the procedural error involved requires our conclusion that harmless error review [by the ABCMR] is inappropriate. . .as the magnitude of the effect of the error on the proceeding defies assessment by [that] reviewing body. The regulations provide the Secretary with unbridled discretion over DAADB proceedings involving individuals with Wagner's years of active federal service. While the Secretary might have made the same decision prior to the commencement of the separation proceedings, ample reasons exist for why, on a fresh review of Wagner's record, he might instead have refused to permit proceedings and instead opted to retain him in active federal service. Like the deficient composition of selection boards at issue in *Doyle,* "it is not possible for a reviewing body to determine what effect the error had on the judgment of the original proceeding...."
>
> * * *
>
> Furthermore, had the Army complied with its regulation and the Secretary exercised his discretion, the Secretary's determination would have been unreviewable by any court [citations omitted]. While we may, as we do here, review the DAADB proceedings for compliance with Army regulations, we may not engage in the substantive review of the Secretary's discretionary decision–or lack thereof– necessary to determine whether the procedural error was harmless.

Wagner 1364-65 [emphasis added]. In other words, Wagner forbids the decision-maker— the Secretary or its agent BCMR— from a post-discharge second-guessing of its original decision. The

reasons are the same: regulations required the Secretary to consider Wagner's 18 years of service *before* discharge proceedings were initiated; while Dolan's situation required the Secretary to consider his disability evaluation *before* elimination proceedings were completed— before discharged in 2001.

Defendant however, absurdly thinks that Dolan on remand might be found fit for duty. A potential finding of fitness on remand is nonsense. Effective the day after his Army discharge, the VA found Dolan 100% disabled for service-connected injuries. In 2003 the VA's ratings were exceeded to total 120%. Based upon those VA ratings, the Social Security Administration [SSA] shortly thereafter found Dolan totally disabled. Upon discharge Dolan has been permanently and totally disabled, and continuously unemployable. Court and ABCMR precedent instructs that military findings of fitness for duty are unsustainable when issued contemporaneous with contradictory VA and SSA disability ratings. Ferrell v. United States, 23 Cl.Ct. 562, 571 (1991)(VA rating "entitled to great weight" if awarded at time of discharge; reversed finding of fitness); Dayley v. United States 180 Ct.Cl. 1136 (1967)(VA ratings at discharge overturned finding of fitness); Beckham v,. United States, 183 Ct.Cl. 628 (1967(same); Lyons v. United States, 18 Cl.Ct. 723, n. 26 (SSA disability not relevant because of six-year gap after military discharge); Walden v. United States, 22 Cl.Ct. 532 (1991)(SSA ratings relevant if contemporaneous to discharge); SFC Eady, Army BCMR Dkt. AR2002-076652 at 10 ¶ 6 (Dec. 5, 2003)(set aside General Discharge and finding of fitness; awarded 30% Army disability retirement because VA awarded 30% rating for same condition on date of Army discharge, along with SSA disability).[1]

So if the remand proceeds, the only outcome is that Dolan is found unfit by some degree. And then the Secretary eliminates him anyway or awards disability benefits. In either scenario, the BCMR's disposition under ¶ 1-23b becomes, in effect, an impermissible second-guessing on what

[1]Army BCMR decisions archived on-line at DoD Boards Reading Room; SFC Eady case at http://boards.law.af.mil/ARMY/BCMR/CY2002/2002076652/rtf

effect the disability evaluation had "on the judgment of the original [elimination] proceeding." Wagner at 1364.

The Court also incorrectly states that remand will "address plaintiff's claims for disability benefits in lieu of termination or any other relief." Dolan never asked the BCMR nor the Court for disability benefits, nor to complete a *post hoc* disability evaluation. He asked to be retained on active duty because medical hold regulations were ignored. Pl.Ex. E 34. This issue was already addressed and denied by BCMR. The facts in official Army documents are beyond dispute that the BCMR's decision that Dolan was ineligible to be retained, was arbitrary and capricious and violated regulations. Remand on that issue is also futile. Under Wagner, the only issue before the Court is whether Dolan was legally separated in 2001 and still remains constructively on active duty. Remanding for the BCMR to offer in hindsight another result, will not shield the Army from this claim. It will do nothing to alter the posture of the briefing.

WHEREFORE, Dolan respectfully requests that the Court reconsider its remand order of September 4, 2007, and deny defendant's motion to stay briefing.

September 13, 2007

Respectfully submitted,

a/s John A. Wickham
Counsel for Plaintiff-Dolan
32975 Saint Moritz Drive
Evergreen CO 80439
303 670-3825