IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PAUL E. DOLAN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action |
| v. | ) | |
| | ) | No. 07-166C |
| | ) | (C.O.C.Miller) |
| | ) | |
| THE UNITED STATES | ) | |
| | ) | |
| Defendant, | ) | |

**PLAINTIFF'S MOTION TO DISQUALIFY**

Plaintiff-Dolan moves under RCFC 63, and 28 U.S.C. § 455 (a) to disqualify the judge and opposing counsel in this case. The remand order of September 4, 2007 indicates that the Court's impartiality might reasonably be called into question. This case now requires removal and a *de novo* judicial review of the BCMR decision.

In undersigned counsel's nearly two decades of a military law practice before the services' correction boards, agencies and federal courts, Dolan's BCMR decision of 2004 is the worst example of a fundamental abuse of the administrative process calculated to produce a pre-determined denial of relief. Plaintiff in his summary judgment brief with exhibits alerted the Court with irrefutable proof that the BCMR: invented adverse facts that do not exist, flagrantly disregarded favorable material facts, manipulated Army regulations into an unintelligible rationale, and misrepresented Dolan's accrued service.

But in such extraordinary circumstances as this, the courts have *sua sponte* held agency remand inappropriate with the only remedy *de novo* judicial review. This intervention is appropriate in military correction board cases to: conduct *de novo* review, bypass the requirements for a complete administrative record, or intervene non-final agency action. A pertinent case discusses the case law, in Guerrero v. Stone, Secy' of Army, 970 F.2d 626 (9th Cir.1992):

> The inconsistent [BCMR] decision-making in this case cannot be reconciled by any reasonable measuring standard. This dismal history of administrative pendulation, of decision-making completely devoid of permanence and consistency, turns its face against a fundamental purpose of judicial and quasi-judicial decision-making....
> * * *
> Unusual cases call for unusual remedies. And this is a very unusual case. We therefore will consider the merits of Guerrero's application for a correction of his military records. In doing so, we rely on ample precedent. Ordinarily, we will not substitute our judgment for that of an agency, but in an appropriate case, we may order the substantive relief sought, even if doing so supplants the decision of the agency. See, e.g., White v. Secretary of Army, 878 F.2d 501, 506 (D.C.Cir.1989) (court of appeals ordered upgrade of discharge from "undesirable" to "honorable or general, using the standards applicable to those discharged at the expiration of the normal term of their service"); VanderMolen v. Stetson, 571 F.2d 617, 625, 626-27 (D.C.Cir.1977) (court of appeals ordered reinstatement of Air Force officer denied promotion and discharged for expressing moral reservations about use of nuclear weapons to cause massive civilian casualties, where Air Force did not accord procedural protections set out in Air Force regulations); Yee v. United States, 512 F.2d 1383, 1388, 206 Ct.Cl. 388 (1975) (on review of correction board's denial of relief to discharged Air Force officer, court of claims ordered reinstatement, back pay and specified corrections in officer's service record).

Guerrero, at 635-36.

Direct court intervention in these circumstances as in Dolan, also dispenses with the requirement to proceed on a complete administrative record. Black v. United States, 24 Cl.Ct. 465, 469 (1991), aff'd, 16 F.3d 421 (Fed.Cir.1993) (table)(*de novo* review applies in military pay cases when courts reviewing administrative decisions "would permit discovery beyond the record where there was a 'strong showing of bad faith or improper behavior' that would ' create serious doubts about the fundamental integrity' of the administrative action." citing Long v. United States, 12 Cl.Ct. 174, 177 n. 2 (1987) (quoting Sierra Club v. Costle, 657 F.2d 298, 390 (D.C.Cir.1981))).

Judicial intervention is appropriate for non-final agency actions. Gulf Oil Corp. v. United States Dep't of Energy, 663 F.2d 296, 307 (D.C.Cir.1981)(court's intervention was justified due to prior misconduct in an ongoing administrative proceeding).

In Dolan's BCMR case, there is a similar showing of the compromised integrity of administrative process and its incapability to produce a fair result. And yet the Court's unusually

terse remand order is a virtual *carte blanche* to the same Board, if not a green light. The order simply recites the titles of past pleadings without any rationale why under court rules it is "appropriate" for remand. The Court merely says it "reviewed the pleadings," and so the plaintiff's claims "must be evaluated by the [ABCMR.]". This seriously questions whether the Court is condoning the past agency misconduct or bad faith, thereby encouraging another agency charade. That runs afoul of Guerro.

Secondly, the Court's remand order indicates bias against plaintiff. First is the remark that plaintiff was granted "three *unopposed* extensions of time [italics added]." Counsel fails to see the relevance of any extensions of time for plaintiff, let alone whether they were unopposed. This is striking since defendant's unopposed extensions of time are not mentioned by the Court. Unless the Court implies displeasure that plaintiff responded with a motion for summary judgment. Or the court implies that plaintiff should have used these gratuitous extensions to agree with defendant to remand the case. The vague remand order leaves this impression.

Thirdly, the Court converted Dolan's motion for enlargement of time to reply to defendant's motion to stay briefing, into Dolan's response thereto. This suggests two things: mockingly turned against Dolan his own request to convert defendant's motion to stay as its response to the motion for summary judgment. Secondly, this cut off further briefing so the Court could dispose of the case to ignore (and prejudge) Dolan's anticipated reply arguments to the motion to stay.

Finally, the opposing DOJ and agency counsels are not only "officers of the court" but under ethical duties as government counsel of the agency. Their goal is not to simply protect the agency decision at all costs. Upon reviewing Dolan's summary judgment brief and exhibits, opposing counsel still refuse to acknowledge the BCMR did anything wrong, did not conjure convenient facts or manipulate regulations to fit a result. Nor do they acknowledge before the

Court the consequences of this BCMR's egregious misbehavior. Their game is twofold: total avoidance through remand, with an unfettered return to a corrupted BCMR forum that is free for a sham-repeat of 2004. As advocates of the BCMR's 2004 abuse of the administrative process, opposing counsel have become extensions of the same problem. They have proven to be impediments to a fair and just resolution of this case, and further proceedings.

WHEREFORE, Dolan requests that the Court vacate its remand order of September 4, 2007, and transfer this case to another judge and other opposing counsel, on the basis of disqualification.

September 15, 2007

Respectfully submitted,

a/s John A. Wickham
Counsel for Plaintiff-Dolan
32975 Saint Moritz Drive
Evergreen CO 80439
303 670-3825