IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PAUL E. DOLAN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action |
| v. | ) | |
| | ) | No. 07-166C |
| | ) | (C.O.C.Miller) |
| THE UNITED STATES | ) | |
| | ) | |
| Defendant, | ) | |

**PLAINTIFF'S AMENDED MOTION TO DISQUALIFY**

Plaintiff-Dolan moves under RCFC 63, and 28 U.S.C. § 455 (a) to disqualify the judge and opposing counsel in this case. The remand order of September 4, 2007 indicates that the Court's impartiality might reasonably be called into question. This case now requires removal and a *de novo* judicial review of the BCMR decision. Plaintiff amends his motion with additional facts.

The Army's 2001 refusal to extend Dolan, followed by the 2004 BCMR denial, are a classic example of systemic abuse of the administrative processes calculated at each stage to produce pre-determined denials of relief. It involved fabricating adverse material facts and perverting regulatory procedures. Plaintiff in his summary judgment brief with exhibits alerted the Court and opposing counsel to irrefutable proof of the following misrepresentation and duplicity:

(1) denial in March 2001 by Surgeon General's office [SG] falsely claiming that Dolan was ineligible for disability processing because he was "processed for dismissal." The SG action officer was a Major, and approved under signature of a Colonel, Director of the Army's "Health Policy." Pl.Ex. C 26. Dismissal is a term limited to a court-martial sentence imposed on officers, not to administrative BOI elimination. This inexcusable error is shocking since the SG denial references the "attached" Secretary's "elimination" approval of February 12, 2007. That approval therein describes the BOI proceeding. There was never a court-marital, no dismissal. The hospital commander requesting Dolan's extension was familiar with eligibility requirements, and knew there

was no court-marital— stating Dolan was a pending the administrative "General Discharge." Pl.Ex. C 23.

(2) The BCMR in 2004 was then confronted with the problem of no dismissal, no court-martial. The Board incredibly invents adverse facts, flagrantly disregards favorable material facts, manipulates Army regulations into an incoherent ramble, and never reads Dolan's evidence of the incorrect accrued service on his DD Form 214. The board concocts a litany of falsehoods: Well, since there was no court-marital, then let's say that Dolan resigned "for the good of the service" under court-martial charges to avoid dismissal. We don't like the BOI reference, so let's say that the term doesn't mean administrative elimination....instead it's the predecessor term of another procedure to separate officers under investigation or charges, call it the DAADB. We don't care what regulations applied in 2001, so it's not important whether the ones we cite were obsolete. On Dolan's accrued service, we don't care whether he argues the evidence shows the DD 214 is wrong or its internally inconsistent...we already made our decision to uphold the General Discharge.

In such appalling circumstances, the courts have *sua sponte* held agency remand inappropriate and undertook *de novo* review. Intervention is appropriate in military correction board cases to: (1) conduct *de novo* review, (2) bypass the requirements for a complete administrative record, or (3) intervene non-final agency action. A pertinent case discusses the law, Guerrero v. Stone, Secy' of Army, 970 F.2d 626 (9th Cir.1992):

> The inconsistent [BCMR] decision-making in this case cannot be reconciled by any reasonable measuring standard. This dismal history of administrative pendulation, of decision-making completely devoid of permanence and consistency, turns its face against a fundamental purpose of judicial and quasi-judicial decision-making....
> * * *
> Unusual cases call for unusual remedies. And this is a very unusual case. We therefore will consider the merits of Guerrero's application for a correction of his military records. In doing so, we rely on ample precedent. Ordinarily, we will not substitute our judgment for that of an agency, but in an appropriate case, we may order the substantive relief sought, even if doing so supplants the decision of the agency. See, e.g., White v. Secretary of Army, 878 F.2d 501, 506 (D.C.Cir.1989) (court of appeals ordered upgrade of discharge

> from "undesirable" to "honorable or general, using the standards applicable to those discharged at the expiration of the normal term of their service"); VanderMolen v. Stetson, 571 F.2d 617, 625, 626-27 (D.C.Cir.1977) (court of appeals ordered reinstatement of Air Force officer denied promotion and discharged for expressing moral reservations about use of nuclear weapons to cause massive civilian casualties, where Air Force did not accord procedural protections set out in Air Force regulations); Yee v. United States, 512 F.2d 1383, 1388, 206 Ct.Cl. 388 (1975) (on review of correction board's denial of relief to discharged Air Force officer, court of claims ordered reinstatement, back pay and specified corrections in officer's service record).

Guerrero, at 635-36.

Direct court intervention in these circumstances, as in Dolan, also dispenses with the requirement to proceed on a complete administrative record. Black v. United States, 24 Cl.Ct. 465, 469 (1991), aff'd, 16 F.3d 421 (Fed.Cir.1993) (table)(*de novo* review applies in military pay cases when courts reviewing administrative decisions "would permit discovery beyond the record where there was a 'strong showing of bad faith or improper behavior' that would ' create serious doubts about the fundamental integrity' of the administrative action." citing Long v. United States, 12 Cl.Ct. 174, 177 n. 2 (1987) (quoting Sierra Club v. Costle, 657 F.2d 298, 390 (D.C.Cir.1981))).

Judicial intervention is appropriate for non-final agency actions. Gulf Oil Corp. v. United States Dep't of Energy, 663 F.2d 296, 307 (D.C.Cir.1981)(court's intervention was justified due to prior misconduct in an ongoing administrative proceeding).

In Dolan's BCMR case, there is a similar showing of the compromised integrity of the administrative process and incapability to produce a fair result. And, as the Army eliminates officers for making a false statements, so to the courts legally eliminate agencies from rehearing original decisions that had involved misbehavior in fabricating facts. But here, the Court with a blind eye returns the case to same agencies and same officials: Dolan's 2001 extension request was denied by the Commander of PERSCOM after recommendation by the Surgeon General [SG], followed by the BCMR. A remand requires returning to these same agencies. In disability appeals to the BCMR, advisory opinions are provided by the SG to evaluate applicants' evidence of medical

condition and whether an MEB/PEB is justified. Kidwell v. Army BCMR, 56 F.3d 279, 283 (D.C.Cir. 1995)(SG office advisory to ABCMR on soldier's request to convert general discharge into disability retirement); Jordan v. United States 205 Ct.Cl. 65, *6 (1974)(SG opinion to BCMR whether MEB/PEB warranted on Army veteran). Secondly, the MEB/PEB proceedings are again under the control of the Commander of PERSCOM. Pl.Appx. III 47 (A.Reg. 635-40, ¶ 2-4, ¶ 2-5, disability agency that convenes MEB/PEP controlled by Commander PERSCOM; SG interprets fitness standards for retaining soldiers).

Moreover, because Dolan in February 2001 was on active duty, the authority to recommend soldiers for an MEB is the examining physician. The final decision to convene and continue the MEB/PEB is reserved to the hospital commander. It is then the MEB that recommends, and commander refers, to a PEB. The remand hands-over this recommendation and decision to the same SG office and same BCMR members.

The Court's unusually terse remand order is a virtual *carte blanche* to the same agencies and BCMR to cherry-pick among the various pleadings, or ignore them altogether. Alternatively, the BCMR may summarily reject rehearing under its charter. Cases may not be reconsidered without new material new evidence that was unavailable at the time of the original board, and under no circumstances will reconsideration be accepted after one year. A.Reg. 15-185, codified at 32 C.F.R. § 581.3(g)(4). Dolan has already appealed twice to the BCMR.

The content of the Court's remand order simply recites the titles of pleadings. There is no rationale why it deems remand "of appropriate matters...is proper and just." RCFC 52.2(a). The Court merely says it "reviewed the pleadings," and so the plaintiff's claims "must be evaluated by the [ABCMR.]". This raises serious questions that the Court is either condoning or ignoring the past agency misbehavior plaguing this case. This encourages another agency charade, running afoul of Guerro.

Secondly, the Court's remand order additionally indicates bias against plaintiff. First is the remark that plaintiff was granted "three *unopposed* extensions of time [italics added]." Plaintiff fails to see the relevance of any time extensions, let alone that they were unopposed. This is striking since none of defendant's extensions of time are mentioned by the Court. Unless the Court implies displeasure that plaintiff responded with a motion for summary judgment. Or that the Court implies a prejudgement— plaintiff's should have used these gratuitous extensions to agree with defendant's remand. The vague remand order leaves this impression.

Thirdly, the Court converted Dolan's motion for enlargement of time, to reply to defendant's motion to stay briefing, into Dolan's response thereto. This suggests two things: mockingly turned against Dolan his own request to convert defendant's motion to stay as its response to the motion for summary judgment. Secondly, this cut off further briefing so the Court could dispose of the case to ignore (and prejudge) Dolan's anticipated reply arguments to the motion to stay.

Finally, the opposing DOJ and agency counsels are not only "officers of the court" but under ethical duties as government counsel of the agency. Their goal is not to simply protect the agency decision at all costs, but to seek justice. Upon reviewing Dolan's summary judgment brief and exhibits, opposing counsel still refuse to acknowledge the BCMR and SG did anything wrong, did not conjure convenient facts or manipulate regulations to fit a result. Nor do they acknowledge before the Court the consequences of this misbehavior. Their game is twofold: total avoidance through remand, with an unfettered return to corrupted agency forums that are free for a sham repeat of 2001 and 2004. As advocates of the SG and BCMR systemic abuse of the administrative process, opposing counsel have become extensions of the problem. They remain impediments to a fair and just resolution of this case.

WHEREFORE, Dolan requests that the Court vacate its remand order of September 4, 2007, and transfer this case to another judge and other opposing counsel, on the basis of disqualification.

September 15, 2007 Respectfully submitted,

a/s John A. Wickham
Counsel for Plaintiff-Dolan
32975 Saint Moritz Drive
Evergreen CO 80439
303 670-3825