IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PAUL E. DOLAN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | No. 07-166C |
| v. | ) | (Judge Christine O.C. Miller) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION

Defendant hereby respectfully submits this response to plaintiff's motion for reconsideration of the Court's Order of September 4, 2007, which stayed the case for ninety days to allow for a remand to the Army Board for Correction of Military Records ("ABCMR"). For the reasons set forth in detail below, plaintiff's motion for reconsideration should be denied.

### I. Plaintiff Has Failed To Show The Existence Of A Manifest Error Of Law Or Fact Justifying Reconsideration.

In order to justify a reconsideration of a Court order under Rule 59 of the Rules of the Court of Federal Claims ("RCFC"), plaintiff is required to show the existence of "a manifest error of law or fact," i.e., "(1) that an intervening change in controlling law has occurred; (2) that previously unavailable evidence is now available; or (3) that the motion is necessary to prevent manifest injustice." First Fed. Lincoln Bank v. United States, 60 Fed. Cl. 501, 502 (2004). The decision whether to grant a motion for reconsideration lies within the sound discretion of the Court. See Yuba Natural Res., Inc. v. United States, 904 F.2d 1577, 1583 (Fed. Cir. 1990).

Failing to point to either an intervening change in controlling law or previously unavailable evidence that could justify reconsideration of the Court's stay order, Mr. Dolan argues that remand to the ABCMR would be futile, and would constitute "an impermissible *post*

*hoc* speculation on the outcome had the dual processing error not occurred in 2001" under Wagner v. United States, 365 F.3d 1358 (Fed. Cir. 2004). Pl. Mot. for Reconsideration at 1. His arguments on this point, which were previously presented in his motion for summary judgment, were considered by the Court, and rejected. The same result should obtain here.

A. Remand To The ABCMR Is Not Futile And Could Result In Mr. Dolan's Receiving All Of The Relief That He Seeks From This Court

The ABCMR is endowed by statute with the broad authority to "correct any [Army] record" in order to "remove error or injustice." 10 U.S.C. § 1552(a) (2005). Once a plaintiff has sought relief from a military corrections board, he is bound by that board's determination unless he can demonstrate that the board's determination was arbitrary, capricious, unsupported by substantial evidence, or contrary to applicable statutes and regulations. See Porter v. United States, 163 F.3d 1304, 1312 (Fed. Cir. 1998); Koretsky v. United States, 57 Fed. Cl. 154, 158 (2003); Myers v. United States, 50 Fed. Cl. 674, 688 (2001).

Although a plaintiff is not required to seek relief from a military corrections board before suing in this Court in military discharge cases,[1] see Martinez v. United States, 333 F.3d 1295, 1304-06 (Fed. Cir. 2003) (en banc), it is well established that a plaintiff who fails to raise an issue before a military correction board waives that argument by not asserting it to the board. Metz v. United States, 466 F.3d 991, 998 (Fed. Cir. 2006) ; see also United States v. L.A. Tucker

[1] This is not the case in physical disability cases, because judicial review is allowed only after a competent board has addressed the issue of fitness. See Murphy v. United States, 993 F.2d 871, 874 (Fed. Cir 1993) (noting that the merits of a decision to release an officer from active duty is beyond judicial reach). This is because "[r]esponsibility for determining who is fit or unfit to serve in the armed services is not a judicial providence." Heisig v. United States, 719 F.2d 1153, 1156 (Fed. Cir. 1983). Accordingly, even if plaintiff were to characterize his claim as a physical disability claim, review in this Court would be limited to the ABCMR decision.

Truck Lines, Inc., 344 U.S. 33, 37 (1952) ("Simple fairness to those who are engaged in the tasks of administration, and to litigants, requires as a general rule that courts should not topple over administrative decisions unless the administrative body not only has erred but has erred against objection made at the time appropriate under its practice."); Murakami v. United States, 398 F.3d 1342, 1354 (Fed. Cir. 2005) (affirming Court of Federal Claims' determination that plaintiff, who had failed to raise an argument before the board, was precluded from raising that issue for the first time before the Court of Federal Claims); Southwestern Bell Tel. Co. v. PUC, 208 F.3d 475, 487 (5th Cir. 2000) ("The failure to raise an issue at the administrative level waives the right to appellate review of that issue.").

Mr. Dolan seeks the same relief in this lawsuit that he requested from the ABCMR on May 7, 2002. Compare Amend. Compl. at 1, 8 with Pl. Mot. for Summ. J., Exh. E, at 34 (seeking "reinstatement on active duty and any entitlements d[ue] to me," as a result of a number of claimed errors, including that his "medical hold extension for [Medical Examination Board] processing was ignored" at the time of his discharge). Because Mr. Dolan is limited to challenging the ABCMR's decision with regard to the relief he requested, and the ABCMR is now willing to reevaluate his case, remand back to the ABCMR to consider his claim is entirely appropriate in advance of any action by this Court. Indeed, the ABCMR is empowered to order a wide variety of remedies, if it determines, based upon the record, that they are appropriate. The Court can offer no greater measure of relief. Accordingly, plaintiff's argument that a remand would be futile has no merit.

B. *Wagner v. United States* Does Not Preclude Remand To The ABCMR

In Wagner v. United States, 365 F.3d 1358 (Fed. Cir. 2004), the Federal Circuit described two lines of cases involving harmless error and military correction boards. Id. The first line of cases consists of military pay cases where "reviewable standards or factors constrain the exercise of discretion" by an individual or entity responsible for a disputed personnel decision. Id. at 1364. These cases are subject to harmless error review, meaning that a plaintiff must first establish the existence of legal error, and then make a prima facie showing of a causal nexus between the error and the result reached in order to obtain relief. Id. at 1362. Harmless error review does not apply in the second line of cases, typified by cases involving decisions by improperly constituted military selection boards, "[w]here the effect of an error on the outcome of a proceeding is unquantifiable," or, for example, in areas where a decisionmaker is afforded absolute discretion over personnel matters and a reviewing body would have to approximate that discretion to determine if the alleged error was harmless. See id. at 1364.

Plaintiff, asserting that his claims inherently fall into the category of cases to which harmless error review is not applicable, invokes Wagner for the proposition that "[t]he BCMR remand will be an impermissible *post hoc* speculation" with respect to the outcome of his elimination proceedings, because the "Secretary of the Army is precluded from conducting any after-the-fact final action on what he might have done six years ago had Dolan been retained to complete disability processing." Pl. Mot. For Reconsideration, at 1 (emphasis in original). These arguments are both premature and misplaced, and certainly do not preclude remand in the instant case.

Army Regulation 600-8-24 governs the separation of Army officers, providing that if an officer is referred for elimination "when it is determined that the officer has a medical impairment that does not meet medical retention standards," the officer will be processed through the physical evaluation system. Army. Reg. 600-8-24, ¶ 1-23(b).

> If the result of the physical disability evaluation is a finding of physical fitness, the Army Physical Disability Agency will approve the findings for the Secretary of the Army and forward the proceedings to [Commander, U.S. Army Personnel Command], to be processed with the other action. If a physical disability evaluation results in a finding of physical unfitness, both actions will be forwarded by [Commanding General, U.S. Army Personnel Command] to the Secretary of the Army for determination of appropriate disposition.

Id.

Within the regulatory scheme, therefore, a decisionmaker addressing the claims of an individual who has been determined to have been unfit at the time of his elimination may direct a result other than elimination as a matter of his own discretion. This, in turn, constitutes a situation which might, under Wagner, suggest that the resulting decision should not receive harmless error review. By contrast, harmless error review could readily be applied to a situation in which the discharged individual was determined to have been physically fit at the time of his discharge, because the decisionmaker would not have had discretion to direct a result other than elimination.

In order to reach his conclusion that a remand is somehow impermissible under Wagner, plaintiff predicts that (1) a Physical Evaluation Board ("PEB") constituted on remand will determine that he was unfit at the time of his discharge, and (2) the ABCMR will then assume that the Secretary of the Army would have recommended his elimination and would have declined to exercise his discretion under 600-8-24, ¶ 1-23(b) to direct another disposition of his

case. It is only upon remand, however, that we will discover whether any of plaintiff's concerns will become a reality, or that any Wagner-related issue will, in fact, arise. First, it is far from certain that a PEB will determine on remand that Mr. Dolan was unfit at the time of his discharge.[2] For example, although VA disability ratings constitute relevant evidence with respect to fitness, they are not binding on the ABCMR. Myers v. United States, 50 Fed. Cl. 674, 690 (2001) (quoting Hinkle v. United States, 229 Ct. Cl. 801, 805 (1982) for the proposition that "while the ABCMR does consider VA disability ratings as relevant evidence during its deliberations, it is not bound by them, and these ratings are 'in no way ultimately determinative of claims for military disability retirement. The [VA] does not determine fitness for military duty, which is the responsibility of the Secretary and military authorities.'" Id.[3] Second, it is

---

[2] Although plaintiff would have the Court determine that he was unfit based solely on his pleadings and ratings from the Department of Veterans Affairs ("VA"), Pl. Mot. For Reconsideration, at 3, such a finding would be inappropriate. As discussed above, the determination of whether a servicemember is fit is nonjusticiable until a military correction board addresses the issue. Murphy v. United States, 993 F.2d 871, 874 (Fed. Cir. 1993); Heisig v. United States, 719 F.2d 1153, 1156 (Fed. Cir. 1983). Because no such finding has been made, remand is appropriate.

[3] A member of the armed forces who incurs a disability during active military service is not entitled to disability retirement unless the disability renders her unfit for military service at the time of separation. 10 U.S.C. § 1201 (2005); Cole v. United States, 32 Fed. Cl. 797 (1995). A VA finding of service connection "the day after his Army discharge" does not equate to a finding that Mr. Dolan was unfit at the time of separation. Pl. Mot. For Reconsideration, at 3. A VA finding that a disability is service connected is based on presumptions that apply to VA determinations. The Code of Federal Regulation section entitled "Presumptive Service Connection" provides that an entitlement to VA benefits begins on the:

> Date entitlement arose, if claim is received within 1 year after separation from active duty; otherwise date of receipt of claim, or date entitlement arose, whichever is later. Where the requirements for service connection are met during service, the effective date will be the day following separation from service if there was continuous active service following the period of service on which the presumption is based and a claim is received within 1 year after separation from

also far from certain that, even if the PEB found Mr. Dolan unfit at the time of his discharge, the ABCMR would make impermissible assumptions as to how the Secretary would have exercised his discretion under 600-8-23, ¶ 1-23, would deny Mr. Dolan any relief, or even conclude that harmless error review should be applied. If Mr. Dolan is determined to have been fit, of course, there is no question that the ABCMR would be justified in a finding of harmless error, because the fact that elimination was the only disposition allowed under 600-8-24, ¶ 1-23 means that there is no causal nexus between the procedural error asserted and Mr. Dolan's elimination. See Wagner, 365 F.3d at 1362, 1364. In the absence of a decision from the ABCMR, however, all of the conjecture in which plaintiff asks the Court to engage as to the outcome of the ABCMR's decision, as well as the applicability and impact of Wagner, is irrelevant to the question of whether remand is appropriate.

Plaintiff also persists in arguing that "Wagner forbids the decision maker– the Secretary or its [sic] agent BCMR– from a post-discharge second-guessing of its original decision." Pl. Mot. For Reconsideration, at 2-3. Mysteriously, however, this is exactly what Mr. Dolan requested the ABCMR to do; on May 7, 2002, over a year after his discharge, he requested the ABCMR to determine if he was improperly discharged by the order of the Secretary. Pl. Mot. for Summ. J., Exh. E, at 34. If the ABCMR is incapable of providing the relief requested by Mr. Dolan as alleged by his counsel,[4] then the Government is left to question why Mr. Dolan

---

active duty.

38 C.F.R. § 3.400(b)(2)(ii) (2004). These presumptions do not apply to the Army's physical disability evaluation. See A. Reg. 635-40, ¶ 3-2 (listing applicable presumptions).

[4] "Regardless of the outcome on BCMR remand, it will not change the legal issues in this case. Remand will not address Dolan's claims to void his 2001 discharge and to determine

requested that relief from the ABCMR in the first place. Plaintiff's reading of Wagner creates the paradox where he asks the Court to determine the ABCMR failed to provide him the very relief he now claims the ABCMR is prohibited from providing. Such a result is absurd, to use Plaintiff's term. Pl. Mot For Reconsideration, at 3.

Plaintiff states he "never asked the BCMR nor the Court for disability benefits, nor to complete a *post hoc* disability evaluation." Pl. Mot. For Reconsideration, at 4. However, as discussed above, the ABCMR cannot determine whether any alleged procedural error resulted in an injustice without first determining whether Mr. Dolan was fit at the time of discharge. See Army Reg. 600-8-24, ¶ 1-23(b). The Government contends that remand to the ABCMR is appropriate. Nevertheless, if plaintiff's contention that the ABCMR is incapable of providing relief is correct, then his challenge to the ABCMR decision should be dismissed because the ABCMR would have been precluded from acting on his initial request for relief.

Plaintiff has failed to show that reconsideration of the Court's Order of September 4, 2007 is necessary due to an intervening change in controlling law, the availability of new evidence, manifest injustice. As such, his motion for reconsideration should be denied.

## CONCLUSION

For the foregoing reasons, defendant respectfully requests that the Court deny Plaintiff's motion for reconsideration so that the remand to the ABCMR may be accomplished.

---

he was never legally separated from active duty. The BCMR remand will be an impermissible *post hoc* speculation on the outcome had the dual processing error not occurred in 2001." Pl. Mot. For Reconsideration, at 1.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Bryant G. Snee
BRYANT G. SNEE
Deputy Director

A. Bondurant Eley

OF COUNSEL:

MAJOR JERRETT DUNLAP
United States Army Litigation
Division Military Personnel Branch
901 N. Stuart Street, Suite 400
Arlington, VA 22203-1837
Tele: (703) 696-1628
Fax: (703) 696-8126

A. BONDURANT ELEY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 616-8254
Fax: (202) 514-8624

September 20, 2007

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of September, 2007, a copy of the foregoing "Defendant's Response to Plaintiff's Motion for Reconsideration" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ A. Bondurant Eley