No. 07-166C
(JUDGE MILLER)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

PAUL E. DOLAN,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

# DEFENDANT'S MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD AND APPENDIX

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

BRYANT G. SNEE
Assistant Director

Of Counsel:
MAJOR JERRETT DUNLAP
United States Army Litigation
Division Military Personnel Branch
901 N. Stuart Street, Suite 400
Arlington, VA 22203-1837
Tel: (703) 696-1628
Fax: (703) 696-8126

A. BONDURANT ELEY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L St., N.W.
Attn: Classification Unit
8th Floor
Washington, DC 20530
Tel: (202) 616-8254
Fax: (202) 514-8624

April 18, 2008

Attorneys for Defendant

# TABLE OF CONTENTS


TABLE OF CONTENTS . . . . . i

TABLE OF AUTHORITIES . . . . . ii

STATEMENT OF THE ISSUES . . . . . 1

STATEMENT OF THE CASE . . . . . 2

STATEMENT OF FACTS . . . . . 2

SUMMARY OF THE ARGUMENT . . . . . 2

ARGUMENT . . . . . 3

I. Standard Of Review . . . . . 3

II. The ABCMR's Decision Is Consistent With Controlling Regulations And Is Supported By Substantial Evidence . . . . . 5

A. The Simultaneous Processing Requirements Did Not Apply To Mr. Dolan Because His MEB Was Initiated After The Secretary Had Taken Final Action . . . . . 5

B. Mr. Dolan Was Legally Discharged . . . . . 12

C. The Issuance Of A Permanent P3 Physical Profile Did Not Require Physical Disability Evaluation By An MEB . . . . . 12

D. The ABCMR Did Not Improperly Or Otherwise Apply Harmless Error Analysis . . . . . 13

E. The ABCMR Properly Determined Mr. Dolan Is Not Entitled To Constructive Service . . . . . 15

CONCLUSION . . . . . 17

# TABLE OF AUTHORITIES

## CASES

Balboa Ins. Co. v. United States,
775 F.2d 1158 (Fed. Cir. 1985) ........ 5, 6

Bernard v. United States,
59 Fed. Cl. 497 (2004) ........ 4

Chambers v. United States,
417 F.3d 1218 (Fed. Cir. 2005) ........ 9, 13

Doe v. United States,
132 F.3d 1430 (Fed. Cir. 1997) ........ 4

Gose v. United States Postal Serv.,
451 F.3d 831 (Fed. Cir. 2006) ........ 4

Gratehouse v. United States,
206 Ct. Cl. 288, 512 F.2d 1104 (Ct. Cl. 1975) ........ 13

Haynes v. United States,
190 Cl. Ct. 9, 418 F.2d 1380 (1969) ........ 12

Heisig v. United States,
719 F.2d 1153 (Fed. Cir. 1983) ........ 4

Koretsky v. United States,
57 Fed. Cl. 154 (2003) ........ 4

Myers v. United States,
50 Fed. Cl. 674 (2001) ........ 4

Poole v. United States,
64 Fed. Cl. 776 (2005) ........ 15

Porter v. United States,
163 F.3d 1304 (Fed. Cir. 1998) ........ 4

Slesinski v. United States,
34 Fed. Cl. 159 (1995) ........ 4

Wagner v. United States,
365 F.3d 1358 (Fed. Cir. 2004) .......... 13, 14

Wyatt v. United States,
23 Cl. Ct. 314, 319 (1991) .......... 3

Zavislak v. United States,
29 Fed. Cl. 525 (1993) .......... 5

## ARMY REGULATIONS

Army Reg. 40-501 ¶ 3-3 (Feb. 28, 2008) .......... 9

Army Reg. 40-501 ¶ 7-4 (Feb. 28, 2008) .......... 13

Army Reg. 40-501 ¶ 3-3 (Feb. 27, 1998) .......... 9

Army Reg. 40-501 ¶ 3-3 (Feb. 27, 1998) .......... 13

Army Reg. 135-175 (Feb. 28, 1987) .......... 8

Army Reg. 600-8-24 ¶ 1-22 (July 21, 1995) .......... 14

Army Reg. 600-8-24 ¶ 1-23 (July 21, 1995) .......... 2, 5, 6, 8, 10

Army Reg. 600-8-24 ¶ 4-5 (July 21, 1995) .......... 10

Army Reg. 600-8-24 ¶ 4-18 (July 21, 1995) .......... 7, 10

Army Reg. 600-8-24, Table 4-1 (July 21, 1995) .......... 7, 8, 10, 11

Army Reg. 600-8-24 ¶ 4-20 (July 21, 1995) .......... 7

Army Reg. 600-60 ¶ 2-2 (Feb. 28, 2008) .......... 13

Army Reg. 600-60 ¶ 2-3 (Feb. 28, 2008) .......... 13

Army Reg. 600-60 ¶ 2-2 (Oct. 31, 1985) .......... 13

Army Reg. 600-60 ¶ 2-3 (Oct. 31, 1985) .......... 13

Army Reg. 635-40 ¶ 4-8 (Aug. 15, 1990) .......... 6

Army Reg. 635-40 ¶ 4-9 (Aug. 15, 1990) .......... 6

Army Reg. 635-40 ¶ 4-10 (Aug. 15, 1990) .......... 6

Army Reg. 635-40 ¶ 4-13 (Aug. 15, 1990) .......... 6

Army Reg. 635-40 ¶ 4-17 (Aug. 15, 1990) .......... 6

Army Reg. 635-40 ¶ 4-19 (Aug. 15, 1990) .......... 6

Army Reg. 635-40 ¶ 21 (Aug. 15, 1990) .......... 6

Army Reg. 635-40 at 78 (Aug. 15, 1990) .......... 10, 11

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PAUL E. DOLAN,<br><br>Plaintiff<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendants. | ) | No. 07-166C<br>(Judge Christine O.C. Miller) |

**DEFENDANT'S MOTION FOR JUDGMENT UPON THE <u>ADMINISTRATIVE RECORD AND APPENDIX</u>**

Pursuant to Rule 52.1 of the Rules of the United States Court of Federal Claims (RCFC), defendant respectfully moves this Court to enter judgment upon the administrative record in favor of the United States. In support of this motion, we rely upon the amended complaint, the following brief, the appendix attached to this brief, the defendant's statement of facts and the administrative record filed under separate cover.[1]

**<u>STATEMENT OF THE ISSUES</u>**

1. Whether the determination of the Army Board for Correction of Military Records ("ABCMR") that the Army did not err in not processing Mr. Dolan simultaneously for disability and for elimination was supported by law and substantial evidence in the record.

2. Whether the ABCMR's determination that Mr. Dolan is not entitled to constructive service is supported by substantial evidence in the record.

---

[1] "App." refers to the appendix attached to this brief, which is comprised of the applicable Army regulations. The appendix contains the relevant Army regulations. "AR" refers to the administrative record.

## STATEMENT OF THE CASE

Plaintiff, Mr. Paul Dolan, is challenging the ABCMR's denial of his application "to set aside his involuntary discharge of 14 March 2001." Amend. Compl., at 1. Plaintiff claims the ABCMR "unreasonably misinterpreted the governing regulations in denying Dolan's claim to set aside his separation." Id. at 3.

Mr. Dolan requests that this Court "declare the decision of the [ABCMR] denying relief to plaintiff to void his General Discharge in 2001, was arbitrary and capricious, an abuse of discretion, and contrary to law and Army Regulation." Id. at 11. Mr. Dolan further requests that this Court "declare the plaintiff was never legally separated from active duty, and remains constructively on active duty with entitlements to back pay and allowances, and all other accrued rights." Id. Mr. Dolan requests that the Army "be ordered to set aside [his] involuntary separation from active duty by reason of elimination under [Army Regulation] 600-8-24, Chapter 4." Id. Finally, Mr. Dolan requests this Court to order the Army "to expunge from [his] official military personnel files all adverse documents relating to the involuntary separation and related documents thereto."

## STATEMENT OF FACTS

In accordance with the RCFC 52.1(b), the United States has filed a separate statement of facts upon which it bases its motion for judgment upon the administrative record.

## SUMMARY OF THE ARGUMENT

Mr. Dolan argues his discharge should be set aside, alleging the Army violated the dual processing requirements of paragraph 1-23 of Army Reg. 600-8-24, which requires the Army to process an officer's elimination action simultaneously with a physical disability evaluation. The

ABCMR properly determined that paragraph 1-23 did not apply to Mr. Dolan, however, because the MEB did not recommend a physical disability evaluation until after the Secretary had already taken final action on Mr. Dolan's elimination action. Simultaneous processing could not occur because final action on the elimination action had been taken before the physical disability evaluation process had begun.

The ABCMR did, however, determine that the Army's denial of the request to retain Mr. Dolan past his separation date for disability processing was improper. The ABCMR has offered to grant relief to Mr. Dolan in the form of disability retirement, but Mr. Dolan has expressly refused such relief. Contrary to Mr. Dolan's assertions, the ABCMR's determination that Mr. Dolan is entitled to the correction of his military records and disability retirement benefits does not constitute impermissible harmless error analysis. This decision does not constitute harmless error analysis because the ABCMR found there was an error, which it has offered to correct. Because Mr. Dolan has failed to demonstrate that the ABCMR's decision was arbitrary and capricious, an abuse of discretion, or contrary to law or regulation, judgment on the administrative record is warranted in favor of the United States.

## ARGUMENT

I. Standard Of Review

In this case, the Court is governed by the well-settled standards governing review of military correction board decisions. Judicial review in this case is limited to the administrative record before the ABCMR, see Wyatt v. United States, 23 Cl. Ct. 314, 319 (1991); Long v. United States, 12 Cl. Ct. 174, 177 (1987), and, once a plaintiff has sought relief from a military corrections board, he is bound by that board's determination unless he can demonstrate that the

board's determination was arbitrary, capricious, unsupported by substantial evidence, or contrary to applicable statutes and regulations. Porter v. United States, 163 F.3d 1304, 1312 (Fed. Cir. 1998); Koretsky v. United States, 57 Fed. Cl. 154, 158 (2003); Myers v. United States, 50 Fed. Cl. 674, 688 (2001).

When a branch of the armed forces has made a decision concerning who is or who is not fit to serve, that decision is generally entitled to great deference. Doe v. United States, 132 F.3d 1430, 1434 (Fed. Cir. 1997); Slesinski v. United States, 34 Fed. Cl. 159, 163 (1995). Responsibility for determining who is fit or unfit to serve in the armed services is not a judicial province, and courts cannot substitute their judgment for that of the military departments when reasonable minds could reach differing conclusions on the same evidence. Heisig v. United States, 719 F.2d 1153, 1156 (Fed. Cir. 1983); Bernard v. United States, 59 Fed. Cl. 497, 501 (2004). Moreover, when the interpretation of agency rules is at issue, courts "must defer to an agency's interpretation of the regulations it promulgates, as long as the regulation is ambiguous and the agency's interpretation is neither plainly erroneous nor inconsistent with the regulation." Gose v. United States Postal Serv., 451 F.3d 831, 836 (Fed. Cir. 2006) (collecting cases). Indeed, "deference is appropriate even if other interpretations of the regulation may accord somewhat better with the regulatory language than does the Secretary's interpretation." Id. at 837 (citing Thomas Jefferson Univ. v. Shalala, 512 U.S. 504, 525 (1994)).

II. The ABCMR's Decision Is Consistent With Controlling Regulations And Is Supported By Substantial Evidence

A. The Simultaneous Processing Requirements Did Not Apply To Mr. Dolan Because His MEB Was Initiated After The Secretary Had Taken Final Action

Mr. Dolan's complaint fails to satisfy the heavy burden of proving that the ABCMR improperly denied his claim that his discharge violated paragraph 1-23 of Army Reg. 600-8-24. See Zavislak v. United States, 29 Fed. Cl. 525, 531 (1993) (citing Balboa Ins. Co. v. United States, 775 F.2d 1158, 1164 (Fed. Cir. 1985) (discussing the great deference to be given military correction board decisions and the plaintiff's unusually heavy burden of proof in showing that the determination was arbitrary and capricious.)).

As explained in our opening motion, paragraph 1-23 of the Army's regulation entitled "Officer Transfers and Discharges" establishes procedures for referral of an officer that who been referred for elimination to a physical disability evaluation. Army. Reg. 600-8-24, ¶ 1-23, App. 2.[2] This provision dictates that if a commissioned officer has been referred for elimination

[2] Army. Reg. 600-8-24, ¶ 1-23, provides, in relevant part, as follows:

> If a commissioned or warrant officer is being processed for [Return From Active Duty (REFRAD)], separation, or retirement or has been referred for elimination action, when it is determined that the officer has a medical impairment that does not meet medical retention standards, the officer will be processed as set forth in paragraphs *a* through *d* below.
>
> * * *
>
> b. When a commissioned or warrant officer, as applicable, is being processed for one of the actions listed in (1) through (6) below, the officer will be processed in accordance with the provisions of this regulation and through the MEB/PEB system. If the result of the physical disability evaluation is a finding of physical fitness, the Army Physical Disability Agency will approve the findings for the Secretary of the Army and forward the proceedings to [Commander, U.S. Army Personnel Command], to be processed with the other action. If a physical disability evaluation results in a finding of physical unfitness, both actions will be

action, and it is also determined that the officer has a medical impairment that does not meet medical retention standards, then both the elimination action and the physical disability evaluation will be processed simultaneously. Once both actions are completed, the Secretary will determine the appropriate disposition, namely whether the officer should receive physical disability benefits or should be eliminated. Id.

In this case, the ABCMR determined that the simultaneous processing requirement did not apply to Mr. Dolan because the Secretary had already taken final action on Mr. Dolan's elimination before a medical examination board ("MEB")[3] indicated that Mr. Dolan may be physically unfit. AR 15. Specifically, the board reasoned that, because Mr. Dolan presented no evidence to the ABCMR that an MEB was initiated before the Secretary took final action on the

---

> forwarded by [Commanding General, U.S. Army Personnel Command] to the Secretary of the Army for determination of appropriate disposition.
> (1) Referral to the [Department of the Army Active Duty Board (DAADB)] except when the DAADB is convened as a result of an imposed reduction in force.
> (2) Involuntary REFRAD due to civil conviction or moral turpitude.
> (3) Involuntary REFRAD due to the revocation of voluntary indefinite (VI) status.
> (4) Resignation for the good of the service.
> (5) Referral for elimination under chapter 4.
> (6) Request for separation, resignation, or retirement in lieu of elimination.
>
> App. 2.

[3] A soldier who appears not to be medically qualified for duty is typically referred to a medical evaluation board ("MEB"). Army Reg. 635-40, ¶¶ 4-8, 4-9, App. 10. The MEB documents the soldier's medical status and duty limitations, and renders a decision regarding whether the soldier is medically qualified for retention. Id.¶ 4-10, App. 10. If the MEB determines that the soldier does not meet retention standards, the MEB will recommend referral of the soldier to a Physical Evaluation Board ("PEB"), which is responsible for evaluating cases of physical disability. Id. ¶¶ 4-13, 4-17(a) and (b), App. 10-11. The PEB process ultimately determines whether a soldier is fit or unfit, and if unfit, the basis for the rating on a Department of the Army ("DA") Form 199. Id. at ¶ 4-19, 4-21, App. 12-20.

elimination, "there is no conclusive evidence to show that the Army failed to follow regulatory guidelines to simultaneously process the applicant for elimination and physical disability evaluation. The applicant's elimination case had already been processed and approved before the available evidence shows an MEB was ever initiated." AR 15 (emphasis in original). Because the simultaneous processing requirements were not applicable to Mr. Dolan's elimination, his claim that the Army violated that requirement is without basis.

The ABCMR's finding that the simultaneous processing requirement is fully consistent with applicable Army regulations. Consistent with the documents authorizing Mr. Dolan's discharge, the ABCMR analyzed Mr. Dolan's case as an "elimination case," a term of art described in Army regulations. AR 14-15, 32-34. Army Reg. 600-8-24, paragraph 4-18 describes the rules for processing an elimination of a nonprobationary officer.[4] These processing rules begin by describing how the elimination action may be initiated. Id. ¶ 4-18(a), App. 6. The processing rules also describe how commanders may make recommendations, initiate separate action under the Uniform Code of Military Justice, close the elimination case, or conduct a Board of Review. Id. ¶ 4-18(c)-(h), App. 6. The final rule in this progression provides that "[w]hen the Secretary of the Army approves elimination, [U.S. Army Total Personnel Command] will forward separation instructions to the appropriate [Personnel Service Company/Military Personnel Division]." Id. ¶ 4-18(i), App. 6. In a similar vein, Table 4-1 in Army Reg. 600-8-24, which further outlines the required steps for processing an elimination of a nonprobationary

[4] A nonprobationary officer is a Regular Army officer with five or more years of active service, or a Reserve officer with three or more years of commissioned service. Army Reg. 600-8-24, ¶ 4-20(a). App. 8.

officer, states that "[i]f the Board of Review determines that the officer should not be retained, the case will be referred to the Secretary of the Army for final action." Id., App. 7 (emphasis supplied). As such, the rules governing elimination actions clearly state that the Secretary's approval of the elimination action is the final action to be taken in processing the elimination.

Mr. Dolan's arguments to the contrary are without merit. Mr. Dolan's first arguments are that the ABCMR's decision "changes the language of ¶ 1-23b and ¶ 4-4 from 'being processed' for involuntary separation, to 'until the Secretary approves the separation action,'" Amend. Compl. ¶ 23, and that "[t]he regulatory definition of when an officer 'is being processed' for elimination extends beyond the Secretarial decision to eliminate through actual separation." Amend. Compl. ¶ 12. Both arguments improperly conflate terms of art.

Paragraph 1-23 of Army Reg. 600-8-24, applies to cases in which "a commissioned or warrant officer is being processed for [Return from Active Duty], separation, or retirement or has been referred for elimination action." App. 2 (emphasis supplied). This regulatory provision uses the terms "processed for . . . separation" and "referred for elimination action" to describe two distinct procedures. App. 2. Whereas the term "referred for elimination action" refers to the specific elimination procedures for substandard performance or misconduct contained in chapter four of Army Reg. 600-8-24, the term "processed for separation" encompasses a broader category of separation procedures. See Army Reg. 135-175, App. 23. Moreover, the terms "processed for separation" and "referred for elimination action" are completely separated from each other, even within Paragraph 1-23, by the conjunction "or." If the terms "separation"and "elimination" were synonymous, as is suggested by Mr. Dolan's use of the terms, then the regulation would read "processed for REFRAD, separation, retirement, or elimination."

Mr. Dolan's second argument is that the ABCMR's determination "must nullify ¶ 3-3 of [Army Reg.] 40-501 ('Soldiers pending separation . . . will be referred to an MEB')." Amend. Compl. ¶ 23. This contention is flawed for several reasons. First, Mr. Dolan quotes from the current version of Army Reg. 40-501, which was not in existence at the time of his discharge. App. 24-25. The Army regulations in effect at the time of a plaintiff's discharge, rather than current regulations, traditionally guide this Court's analysis. Chambers v. United States, 417 F.3d 1218, 1227 (Fed. Cir. 2005). The version of the regulation in effect at the time of Mr. Dolan's discharge simply referenced Army Reg. 635-40, paragraph 4-4 for processing of commissioned officers. Army Reg. 40-501, ¶ 3-3(b), February 27, 1998, App. 28.

Moreover, contrary to Mr. Dolan's assertions, the paragraphs from the current regulation do not create additional requirements above those found in paragraphs 1-23 and 4-4. Paragraph 3-3 of Army Reg. 40-501 currently provides that "[s]oldiers pending separation in accordance with provisions of [Army Reg] 635-200 [Enlisted Separations] or [Army Reg.] 600-8-24 authorizing separation under other than honorable conditions who do not meet medical retention standards will be referred to an MEB . . . . In the case of commissioned or warrant officers, the physical disability processing and administrative separation processing will be conducted in accordance with the provisions of [Army Reg.] 600-8-24 and [Army Reg.] 635-40." Army Reg. 40-501, ¶ 3-3(b), June 27, 2006, App. 25. In no way, therefore, does the ABCMR's determination "nullify" paragraph 3-3 of Army Reg. 40-501.

Mr. Dolan also argues the ABCMR's determination "necessarily truncates the well established meaning of processing soldiers for separation to some arbitrary date on the Secretary's calendar-not the actual separation date." Amend. Compl. ¶ 23. This argument once

again improperly refers to the phrase "processing soldiers for separation" instead of to the term applicable to Mr. Dolan's case, which was an "elimination action." Army Reg. 600-8-24, ¶ 1-23, App. 2; see also id. ¶¶ 4-18, 4-19, App. 6-8 (describing the process for elimination of a nonprobationary officer); AR 14-15, 33-36 (referring to Mr. Dolan's case as an elimination). It also bears noting that the date of Mr. Dolan's discharge was not truncated or arbitrary. On the contrary, Army Reg. 600-8-24, paragraph 4-5, requires an officer approved for involuntary separation to be separated no later than twenty-one days after he receives written notification. Mr. Dolan was given notice of that his elimination had been approved on February 22, 2001. AR 610. Since Mr. Dolan was discharged within twenty-one days being notified of the approval of his elimination, Mr. Dolan's was discharged in accordance with the regulation, not a truncated, arbitrary date. AR 34, 36.

Finally, Mr. Dolan attempts to bootstrap his improperly conjoined phrase "'is being processed' for elimination" by referring to the definition of "processing for separation from active service" from the Physical Evaluation for Retention, Retirement, or Separation regulation.[5] Amend. Compl. ¶ 12 (citing Army Reg. 635-40, at 78). Mr. Dolan's reliance upon that definition, however, is misplaced because the definition of "separation" contained in the Army Reg. 635-40 is limited to a "discharge because of physical disability with or without severance

[5] "Processing for separation from active service. A soldier is 'processing for separation from active service' when he has requested retirement by reason of age or length of service or is being processed for administrative separation to include separation at ETS [Expiration of Term of Service] or ESA [Expiration of Service Agreement] date (for officers only)." Army Reg. 635-40, at 78, App. 21.

pay."[6] Although an MEB had recommended a physical disability evaluation between the time the Secretary took final action on Mr. Dolan's elimination and his discharge, no determination had been made that Mr. Dolan should be processed for discharge because of physical disability. AR 14. Accordingly, Mr. Dolan was not being processed for separation under the definition that he cites.[7]

As discussed above, the rules for processing an elimination action clearly state that the Secretary's approval of the elimination action is the final action in the elimination action. Army Reg. 600-8-24, ¶ 4-19, Table 4-1, App. 6-8. While Mr. Dolan correctly notes that additional administrative steps are taken after the Secretary has taken "final action" with respect to the elimination, these administrative steps do not alter the Secretary's "final action" upon the elimination action. Indeed, nothing in the dual processing requirements of paragraph 1-23 of Army Reg. 600-8-24 or paragraph 4-4 of Army Reg. 635-40 require the Secretary to undo a completed elimination after he has taken final action. Because the Secretary had taken final action in Mr. Dolan's case, leaving only administrative steps to be taken to implement the discharge, before the MEB recommended that Mr. Dolan should be processed for physical

---

[6] "Separation. An all-inclusive term that is applied to personnel actions resulting from release from active duty, discharge, retirement, dismissal, resignation, dropped from the rolls, or death. In this regulation, separation means discharge because of physical disability with or without severance pay." Army Reg. 635-40, at 78, App. 21.

[7] Mr. Dolan also argues that he was not actually discharged for purposes of jurisdiction under the Uniform Code of Military Justice. Amend. Compl., at 6, n.3. This is consistent with the requirements of Army. Reg. 600-8-24, paragraph 1-23, which provides that an officer under investigation for a U.C.M.J. offense may only be referred to disability processing under limited circumstances. Although the Army agrees that it would have jurisdiction over an individual for military justice purposes up until the time of discharge, even if the Secretary had taken final action on the elimination, that in no way creates a right to dual processing.

disability evaluation, Mr. Dolan did not fall within the category of those "referred for elimination action" for purposes of Paragraph 1-23's simultaneous processing requirement. Under these circumstances, the board determined, in accordance with applicable law, that the Army had not been required to process Mr. Dolan simultaneously for disability and elimination, and that there was no error in its having not done so.

B. Mr. Dolan Was Legally Discharged

Mr. Dolan claims he was not legally discharged for several additional reasons. Amend. Compl. ¶ 18. First, he claims the discharge certificate, DD 214, was not delivered to him because he did not sign the document. He also alleges he did not receive a mandatory separation physical until March 16, 2001. Id. Mr. Dolan fails to explain how the failure to obtain a signature or to complete a separation physical equates to an involuntary discharge, and the Government certainly is aware of no such authority. Moreover, even if either of these two claims were valid grounds for a claim that Mr. Dolan was not legally discharged, there is no evidence the he raised these claims to the ABCMR. "It has long been part of our law that a party cannot raise an issue on appeal to a court when it failed to raise it before an administrative agency competent to hear it." Doyle v. United States, 220 Ct. Cl. 285, 311 (Ct. Cl. 1979) (citing Haynes v. United States, 190 Ct. Cl. 9, 418 F.2d 1380 (1969)). Because Mr. Dolan failed to raise these arguments to the ABCMR, they are waived.

C. The Issuance Of A Permanent P3 Physical Profile Did Not Require Physical Disability Evaluation By An MEB

Mr. Dolan also claims that the issuance of a permanent P3 physical profile required physical disability evaluation by an MEB. Id. ¶ 15. Mr. Dolan then quotes Army Reg. 40-501,

paragraph 7-4(a)(1) and Army Reg. 600-60, paragraphs 2-2 and 2-3. Mr. Dolan appears to be referring to the current regulations, however, which were not in effect at the time of his discharge. See App. 24-25. As previously noted, the regulations in effect at the time of Mr. Dolan's discharge are controlling. See Chambers v. United States, 417 F.3d 1218, 1227 (Fed. Cir. 2005). The controlling regulations at the time of Mr. Dolan's discharge, Army Reg. 40-501, Standards of Medical Fitness, February 27, 1998, and Army Reg. 600-60, Physical Performance System, October 31, 1985, do not contain the provisions cited by Mr. Dolan. See App. 27-28. Moreover, even if the regulations cited by Mr. Dolan were controlling, they do not require referral to an MEB, absent a concurrent finding that a soldier does not meet retention standards. Finally, Mr. Dolan's argument regarding the P3 profile does not demonstrate that the simultaneous processing requirements applied to his elimination action or that he was wrongfully discharged. Accordingly, Mr. Dolan has offered no reason why the ABCMR's decision was arbitrary, capricious, unsupported by substantial evidence, or contrary to law, and the decision should be affirmed.

D. The ABCMR Did Not Improperly Or Otherwise Apply Harmless Error Analysis

Mr. Dolan also claims the ABCMR improperly applied harmless error analysis to paragraph 1-23(b) of Army Reg. 600-8-24. Amend. Compl. ¶¶ 27-28. This argument is misplaced, as the ABCMR did not apply harmless error analysis. Harmless error analysis consists of a finding by the ABCMR that the Army violated a regulation, but determined that strict compliance with procedural requirements are not required where the error is deemed harmless. Wagner v. United States, 365 F.3d 1358, 1361 (Fed. Cir. 2004) (citing Gratehouse v. United States, 206 Ct. Cl. 288, 512 F.2d 1104, 1108 (1975)). The ABCMR determined there was

no violation of paragraph 1-23 of Army Reg. 600-8-24, because that provision was not applicable, because the Secretary had taken final action on Mr. Dolan's elimination. AR 14-15. This was not a finding of "harmless error," but rather was a finding of "no error" with regard to the dual processing requirements. Because the ABCMR found no error, the limitations on harmless error analysis established in Wagner are inapplicable. See 365 F.3d at 1361.

The ABCMR did, however, determine that the Army violated the medical examination and retention requirements set forth in Paragraph 1-22 of Army Reg. 600-8-24. AR 16-17. The ABCMR determined that the Army's Office of the Surgeon General misinterpreted Army regulations. AR 16-17. Because the ABCMR determined Mr. Dolan was improperly denied retention for completion of physical disability evaluation, the ABCMR offered to correct Mr. Dolan's military records to show he was retained on active duty until April 18, 2001, and was retired with a forty percent disability rating.[8] AR 17-18. Contrary to Mr. Dolan's assertions, this finding by the ABCMR does not amount to harmless error analysis, because the ABCMR determined there was an error and offered to correct Mr. Dolan's records. Indeed, the ABCMR expressly stated that, although Mr. Dolan's counsel "specifically noted that the applicant did not desire such a correction, if he changes his mind it would be equitable to correct his records to show that he was retained beyond 14 March 2001 to complete and MEB/PEB." AR 17. Only Mr. Dolan's express refusal to accept disability retirement benefits has precluded the ABCMR from correcting his records.

---

[8] Mr. Dolan states that according to the ABCMR, "once the Secretary had decided to eliminate Dolan in February 2001, this terminated the Army's obligation, and Dolan's eligibility, for any disability evaluation." Amend. Compl. ¶ 1. The fact that the ABCMR offered Mr. Dolan records correction and disability benefits clearly disproves his assertion.

E. The ABCMR Properly Determined Mr. Dolan Is Not Entitled To Constructive Service

Mr. Dolan claims he is entitled to back pay and allowances because he allegedly "remains constructively on active duty." Amend. Compl. at 11 (Prayer for Relief). Mr. Dolan's claim that he is entitled to constructive credit is without merit because he was unfit for continued service. See AR 17. The ABCMR properly noted that Mr. Dolan makes:

> two contradictory arguments– one, that he was so physically unfit (since 'discharge the applicant has been permanently and totally disabled, and continuously unemployable') that he should have been processed through the physical disability processing system; and two, that he was sufficiently physically fit that he should have been retained on active duty for about two more years.

AR 17. Similarly, this Court has stated that a plaintiff, "having admitted that he was unfit for service, [] cannot complain that he should receive constructive credit for the period between the time he was placed on disability and the present. Constructive service, if it is available at all, is predicated on the serviceperson being otherwise fit to serve." Poole v. United States, 64 Fed. Cl. 776, 782 (2005). Accordingly, Mr. Dolan is not entitled to be reinstated on active duty, or to back pay for allegedly being "constructively on active duty," Amend. Compl. at 11 (Prayer for Relief), because he has conceded that he was unfit at the time of his discharge. See Pl.'s Mot. For Reconsideration, Docket # 17, at 3 ("A potential finding of fitness on remand is nonsense.").

Because substantial evidence supports the ABCMR's determination that Mr. Dolan was unfit at the time of his discharge, he is not entitled to constructive service. See Poole, 64 Fed. Cl. at 782. Accordingly, the ABCMR's denial of the specific relief requested by Mr. Dolan was not arbitrary and capricious, an abuse of discretion, or contrary to law or regulation. Accordingly, the Court should grant judgment to the Government upon the administrative record.

CONCLUSION

For the foregoing reasons, defendant respectfully requests that the Court grant its motion for judgment upon the administrative record.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Bryant G. Snee
BRYANT G. SNEE
Deputy Director

s/ A. Bondurant Eley
A. BONDURANT ELEY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 616-8254
Fax: (202) 514-8624

OF COUNSEL:

MAJOR JERRETT DUNLAP
United States Army Litigation
Division Military Personnel Branch
901 N. Stuart Street, Suite 400
Arlington, VA 22203-1837
Tele: (703) 696-1628
Fax: (703) 696-8126

April 18, 2008

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of April 2008, a copy of the foregoing "DEFENDANT'S MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD AND APPENDIX" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ A. Bondurant Eley