IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PAUL E. DOLAN,<br><br>Plaintiff<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 07-166C<br>(Judge Christine O.C. Miller) |

**DEFENDANT'S STATEMENT OF FACTS**

Pursuant to RCFC 52.1, defendant files the following statement of facts based upon the Administrative Record (hereinafter cited as "AR _"):

1. Plaintiff Paul Dolan enlisted in the United States Army in 1975. AR 775-76.

2. After serving four years on active duty, Mr. Dolan transferred into the United States Army Reserve. AR 616. In May 1981, he was commissioned as a second lieutenant. AR 760.

3. In 1988, Mr. Dolan entered the Active Guard/Reserve ("AGR") program[1] as a commissioned officer. AR 197; Amend. Compl., at 1; Pl. Proposed Findings of Uncontroverted Fact, Docket #12, ¶ 2 (hereinafter "Pl. Facts").[2] As an officer in the AGR program, Mr. Dolan was a reservist who served on full time active duty. AR 197; Pl. Facts ¶ 2.

4. In August 1998, Mr. Dolan was transferred to the 9th Regional Support

---

[1] Congress has authorized the assignment of some reserve component Soldiers to full-time active service. 10 U.S.C. §§ 672(d), 12301(d), 12310. The reserve components consist of the United States Army Reserve and the Army National Guard of the United States. 10 U.S.C. § 10101.

[2] The ABCMR considered Mr. Dolan's Proposed Findings Of Uncontroverted Fact and attached exhibits in its reconsideration. AR 161-408.

Command in Honolulu, Hawaii. AR 198; Pl. Facts ¶ 5.

5. Mr. Dolan received non-judicial punishment from Major General Hill, the General Court-Martial Convening Authority with jurisdiction over Mr. Dolan, for disobeying a superior commissioned officer and for being absent without leave. AR 29-30, 198-200, 569-607; Pl. Facts ¶ 11.

6. In September 1999, Major General Hill initiated elimination proceedings to determine whether Mr. Dolan should be discharged from the Army. AR 148-49; Pl. Facts ¶ 13.

7. A Board of Inquiry concluded that Mr. Dolan had committed misconduct by being absent without leave and by disobeying a superior commissioned officer, AR 158; Pl. Facts ¶ 28, and recommended that Mr. Dolan be discharged with a characterization of service of General Under Honorable Conditions. AR 158; 495-568; Pl. Facts ¶ 28.

8. On January 18, 2001, a Board of Review affirmed the Board of Inquiry findings, and also recommended Mr. Dolan be discharged with a characterization of service of General Under Honorable Conditions. AR 158; Pl. Facts ¶ 44.

9. In February 2001 the Acting Secretary of the Army approved the recommendations and directed that Mr. Dolan be discharged with a characterization of service of General Under Honorable Conditions. AR 33; Pl. Facts ¶ 44.

10. Discharge orders were prepared in accordance with the Acting Secretary of the Army's direction, which provided that Mr. Dolan would be discharged on March 14, 2001. AR 33, 36.

11. On March 8, 2001, after the Acting Secretary of the Army had directed Mr.

Dolan's discharge, but before the effective discharge date, a Medical Evaluation Board (MEB)[3] was convened. AR 168-73; Pl. Facts ¶ 46.

12. On March 13, 2001, the day before the effective date of Mr. Dolan's ordered discharge, an Army medical officer submitted a request to extend Mr. Dolan's discharge date so that he could be processed through the Army's physical disability evaluation system. AR 35.

13. The medical officer's request was not approved by March 14, 2001, and Mr. Dolan was discharged. AR 36.

14. On March 15, 2001, the Office of the Surgeon General recommended disapproval of the medical retention request, stating that Army Regulation 600-8-24, paragraph 1-23(a) "specifically excludes officers who have been processed for dismissal from physical disability processing." AR 37.

15. On May 7, 2002, Mr. Dolan requested that the Army Board for Correction of Military Records ("ABCMR") set aside his discharge and reinstate him on active duty, because he had over eighteen years of active federal service at his date of discharge and had requested a medical hold. AR 471.

16. Mr. Dolan also requested relief from the Army Discharge Review Board ("ADRB"), which was acknowledged by the ADRB on July 11, 2002. AR470.

17. On July 31, 2002, Mr. Dolan's application to the ABCMR was returned without action because only one application can be submitted to a board at a time. AR 469.

18. On October 18, 2002, the ADRB denied Mr. Dolan's request for a change in the

[3] The MEB documents the medical status and duty limitations of Soldiers referred into the Army's Physical Disability Evaluation System.

character and/or reason for discharge. AR 446.

19. On December 2, 2002, Mr. Dolan again requested the ABCMR to set aside his discharge and reinstate him on active duty, because he had over eighteen years of active federal service at his date of discharge and had requested a medical hold. AR 428-45.

20. In April 2003, the Veterans Administration awarded Mr. Dolan a one-hundred percent disability rating. AR 10; Pl. Facts, ¶ 75.

21. On February 24, 2004, the ABCMR denied Mr. Dolan's application. AR 417-27.

22. On July 19, 2004, Mr. Dolan again requested relief from the ABCMR. AR 410.

23. On April 25, 2005, the ABCMR denied Mr. Dolan's request for reconsideration. AR 409.

24. On March 13, 2007, Mr. Dolan challenged in this Court the ABCMR's denial of his request to be reinstated on active duty. Compl., Docket # 1.

25. After Mr. Dolan amended his complaint, (Docket # 6), the Government filed a motion to dismiss or to stay the case for a voluntarily remand to the ABCMR to determine whether he was entitled to physical disability benefits. Docket #7.

26. Mr. Dolan opposed the remand, stating that he was not seeking physical disability benefits. Docket # 17, at 1.

27. Over Mr. Dolan's objection, the Court remanded the case to the ABCMR. Docket # 16, 26.

28. On December 11, 2007, the ABCMR denied Mr. Dolan's request for reinstatement on active duty with back pay and any other entitlements. AR 2-19.

29. The ABCMR determined there was no violation of paragraph 1-23 of Army Reg. 600-8-24, because that provision's simultaneous processing requirement was not applicable to Mr. Dolan. AR 14-15.

30. The ABCMR also noted that Army Reg. 635-40, Physical Evaluation for Retention, Retirement, or Separation, paragraph 4-4, provides that officers who are believed to be unfit because of physical disability will be processed simultaneously for elimination action and physical disability evaluation. AR 14-15.

31. The ABCMR determined the simultaneous processing requirement did not apply to Mr. Dolan because the Secretary had already taken final action on Mr. Dolan's elimination before the medical evaluation board indicated that Mr. Dolan may be physically unfit. AR 15.

32. The ABCMR found that because Mr. Dolan presented no evidence that a medical evaluation board was initiated before the Secretary took final action on the elimination, "there is no conclusive evidence to show that the Army failed to follow regulatory guidelines to <u>simultaneously process</u> the applicant for elimination and physical disability evaluation. The applicant's elimination case had already been processed and approved before the available evidence shows an MEB was ever initiated." AR 15 (emphasis in original).

33. The ABCMR further noted that Mr. Dolan had made:

> two contradictory arguments– one, that he was so physically unfit (since 'discharge the applicant has been permanently and totally disabled, and continuously unemployable') that he should have been processed through the physical disability processing system; and two, that he was sufficiently physically fit that he should have been retained on active duty for about two more years.

AR 17.

34. ABCMR also determined that the Army violated the medical examination and

retention requirements of paragraph 1-22 of Army Reg. 600-8-24, and that the Army's Office of the Surgeon General misinterpreted Army regulations. AR 16-17.

35. Because the ABCMR concluded that Mr. Dolan was improperly denied retention for completion of physical disability evaluation, the ABCMR offered to correct Mr. Dolan's military records to show he was retained on active duty until April 18, 2001, and was retired with a forty percent disability rating. AR 17-18.

36. The ABCMR noted that it would have granted relief "[e]xcept for the fact that counsel for the applicant specifically noted that the applicant did not desire such a correction," AR 17, stating that it would be equitable to correct Mr. Dolan's records to show that (1) "he was retained beyond 14 March 2001 to complete a[] [medical evaluation board/physical evaluation board]," AR 17, (2) the physical evaluation board recommended that he be permanently retired with a 40 percent disability rating, AR 18, (3) "on 4 April 2001, the Acting Secretary of the Army approved the applicant's retirement for disability in lieu of elimination from the Army," id., and (5) to show that Mr. Dolan was released from active duty on April 18, 2001, and placed on the retired list in the rank of Major.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE M. DAVIDSON
Director

s/ Bryant G. Snee
BRYANT G. SNEE
Deputy Director

s/ A. Bondurant Eley
A. BONDURANT ELEY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 616-8254
Fax: (202) 514-8624

OF COUNSEL:

MAJOR JERRETT DUNLAP
United States Army Litigation
Division Military Personnel Branch
901 N. Stuart Street, Suite 400
Arlington, VA 22203-1837
Tele: (703) 696-1628
Fax: (703) 696-8126

April 18, 2008

Attorneys for Defendant

**CERTIFICATE OF FILING**

I hereby certify that on this 18th day of April 2008, a copy of the foregoing "DEFENDANT'S STATEMENT OF FACTS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/A. Bondurant Eley